## SUPREME COURT—IN BANCO.

### APRIL TERM—1871.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

IN THE MATTER OF THE SUBMISSION OF THE MINISTER OF FINANCE AND H. HACKFELD & CO., IN RELATION TO THE ASSESSMENT OF TAXES FOR THE YEAR 1870.

TAXES cannot be assessed on PERSONAL PROPERTY out of the kingdom.

ALLEN, Ch. J. : By the terms of submission, it appears that the property of H. Hackfeld & Co. was assessed for taxation at the sum of $600,000, (six hundred thousand dollars), whereas they allege that it should have been assessed at the sum of $375,482.21, and no more. It further appears by the

submission that Hackfeld & Co. had money and goods, at the time of the assessment, in the United States and Europe, which form a part of the $600,000, so assessed, and it appears further, that they had consignments of merchandise, at the time of assessment, in San Francisco, State of California, which was the property of said firm or their constituents.

The Minister of Finance claims that the said property and money are part of the assets of the firm, and form a part of the common wealth of this kingdom; and that the money and goods situated in the United States and Europe, should be legally returned for the assessment for taxation.

The principal question therefore is, whether the personal property of the firm, namely, money and goods, which were situated in the United States and Europe, were legally assessed here, and upon which a tax has been imposed.

The law imposing taxes on personal property is in these words :

"Section 483. All personal property of whatever kind, not subject to special taxes or specially exempted from taxation, shall be subject to an annual tax of one quarter of one per cent. upon the valuation thereof.

"The term 'personal property' shall be construed to include all household furniture, goods and chattels, wares and merchandise, all ships and vessels whether at home or abroad, all moneys in hand and moneys loaned, all mortgages, public stocks, stock in corporations, and every species of property not included in real estate."

It is contended by the Attorney General, in behalf of the Minister of Finance, that the assessment was legal, and cites the case of Bemis and others *vs.* the Aldermen of the City of Boston.

The Court decided that the interest of an inhabitant of the commonwealth of Massachusetts, as a partner in the property of a firm established and carrying on business in another state, is taxable there. But this decision was made in con-

formity with the statute which is in these words, viz., "All personal estate within or without this state shall be assessed to the owner in the city or town where he is an inhabitant, on the first day of May." In this case, there was a positive requirement of the statute, and which the Court were bound to regard. So in the case of Dwight and the Mayor and Aldermen of Boston, the same principle is regarded. Mr. Justice Gray, in giving the decision in this case, very properly says "that the fact that the same interest is or may be taxed in another state, will not justify the Court in disregarding the positive directions of our own Legislature." These authorities have no general application and can have no influence in the decision of the case submitted to the Court, unless our statute is in terms the same as in Massachusetts, which imposes a tax on a resident for personal property, whether situated within or without the state. In the case of Dorr *vs.* Boston, 6 Gray, 131, the Court decided that the equitable interest of a *cestui que trust* residing in the state, and entitled to the income of property, held in trust by a resident of another state, was not taxable by the statute as then existing. But it appears that subsequently, a law passed which subjected the trust property to taxation.

The decisions of foreign tribunals may be of service in the construction of our own statutes, where they are similar in terms. But they are not entitled to any consideration where they are controlled by statutes, different in their provisions to our own. A subject of this kingdom cannot be taxed by the laws of New York or Massachusetts. The question for our decision is, whether the laws of this kingdom authorize the assessment of taxes on personal property situated in a foreign country, although the owner resides here.

In the provision of the case cited above, it will be seen that no reference is made as to the situation of personal property, whether at home or abroad, except in the case of ships and vessels, and they may be taxed wherever they may

be, at home or abroad. The counsel for Hackfeld & Co. contended that had the Legislature intended to tax personal property generally, whether at home or abroad, it would not have especially designated ships and vessels to be taxed, whether at home or abroad, but would have made the general provision which is contained in the Massachusetts statute, viz.: All property within or without the state shall be assessed. The statute, therefore, in our view, does not authorize a taxation on personal property situated in a foreign country.

It is said personal property, by a fiction of law, has no *situs*, except with the owner. It is always supposed to be with him, wherever he may reside.

Mr. Justice Story, Conflict of Laws, § 550, says that a nation, in whose territory any personal property is actually situated, has an entire dominion over it while therein, in point of sovereignty and jurisdiction, as it has on immovable property situated therein.

Property should pay taxes to the government which protects it, and the legal fiction which makes the *situs* of personal property wherever the owner is, with all the unjust consequences which would follow, can not become fact, as applicable to taxation, except by legislative enactment.

If a person dies abroad or becomes bankrupt, who has personal property here, by this legal fiction, carried out to its legitimate consequences, it would be necessary to restore it to the administrators or assignees in bankruptcy, in disregard of the rights of heirs and creditors here.

In the case of Hoyt *vs.* the Commissioner of Taxes, 23 New York Reports, 224, the Court says that under the statute of the state relating to taxation, the personal property of a resident actually situated in another state or country, is not to be included in the assessment of taxes against him.

The law does not fix a precise day on which an assessment shall be made. The Minister of Finance has not prescribed

any rules or regulations in the matter, and therefore we are of opinion that the list may be made out when legally required by the assessor, in conformity to the 492 Section of the Code.

Upon principle, it is the legitimate right of the government which gives protection to property, to have the advantage resulting from taxation.

There is no more reason why this property should be taxed here, than the property situated here should be taxed at the residence of the senior partner in Europe. To impose a tax upon property thus situated, requires a legislative enactment, distinct and clear in its terms.

The Court are therefore of opinion that the assessment complained of was unauthorized by the statutes under which it was made, and should therefore be reduced in conformity to the terms of the submission.

The assessment of the property of Hackfeld & Co. is reduced from the sum of $600,000 to the sum of $375,482.21, upon which a tax should be imposed, unless the parties arrange the matter by mutual accord. The Chief Clerk will make the necessary calculations of the amount of the tax as affixed by the law of the 18th of July, 1870, or the foregoing assessment and judgment will be entered accordingly.

Costs of Court will be paid equally by the parties.

I concur in the foregoing. 　　　　　 H. A. WIDEMANN,
　　　　　　　　　　　　　　　　　　　　　　Associate Justice.

HARTWELL, J.: Non-resident partners are not taxable for their interest in firm property abroad, there being no law to that effect, nor means to enforce it if there were one. Resident partners are not taxable for their absent co-partners' interest in such property, for no man can be made to pay another's taxes on property out of his control. The Civil Code expressly limits the effect and operation of laws to property "within the territorial jurisdiction of this kingdom."

Section 6.   Such things as household furniture, family relics, non-negotiable notes not payable here, securities having no market value here, so long as they are out of the country are not susceptible of valuation here, even their existence is uncertain.   From these considerations, I concur fully in the judgment of the Court.

The following is the submission in this case :

To THE HONORABLE ELISHA H. ALLEN, CHIEF JUSTICE OF THE SUPREME COURT, AND THE OTHER HONORABLE JUSTICES OF THE SAID COURT :

The undersigned, J. Mott Smith, His Majesty's Minister of Finance, and Henry Hackfeld and J. C. Pfluger, doing business in the city of Honolulu, and within the jurisdiction of your honorable Court, under the firm name and style of H. Hackfeld and Company, respectfully represent:   That the personal property of the said firm of H. Hackfeld and Company was assessed for taxation at the sum of six hundred thousand dollars, for the year eighteen hundred and seventy, and it has been agreed between the parties aforesaid, that a considerable portion of the said sum of six hundred thousand dollars was not, at the time when the assessors, by the said Minister appointed, called upon the resident partner of the said firm, J. C. Pfluger, within the confines of this kingdom ; and the undersigned further represent, that the said H. Hackfeld and Company submitted that they should pay taxes only on the sum of three hundred and seventy-five thousand four hundred and eighty-five 21-100 dollars.   And it is further agreed between the parties to this submission, that through delays in the assessment, that the remedy provided for by law for parties dissatisfied with their assessment, was rendered futile by lapse of time, inasmuch as tax-books for the District of Honolulu were not completed and delivered into the hands of the Tax Collector until the second day of January, eighteen hundred and seventy-one, and the said

38

Minister of Finance did agree with the said H. Hackfeld and Company that he would waive an appeal to a Tax Appeal Board, and as a matter of fact did not appoint one, such appointment being impracticable under the circumstances, but would submit the matter directly to your Honors for a more speedy and authoritative adjudication.

And it is further agreed that the said firm of H. Hackfeld and Company have money and goods in the United States and Europe, the property of the said firm, which said money and goods form a portion of the said sum of six hundred thousand dollars ; said money and goods are subject to the order and the disposal of Henry Hackfeld, the senior member of the said firm, now and for a long time past, resident in Europe, and the said firm of H. Hackfeld and Company claim that they should not pay taxes upon property thus situated ; whereas His Majesty's Minister of Finance claims that the said property and money are part of the assets of the firm, form a part of the common wealth of this country, and that every citizen is bound to pay taxes according to his ability, and therefore that the said money and goods should be returned as a part of the property of the said firm, and are liable to taxation.

And it is further agreed between the parties to this submission that the said firm of H. Hackfeld and Company had considerable consignments of merchandise at the time of the assessment aforesaid in the city of San Francisco, State of California, and elsewhere, without the jurisdiction of this country, which was the property of the said firm, or of their constituents, and the said firm of H. Hackfeld and Company claim that the merchandise so consigned abroad is not liable to taxation ; whereas His Majesty's Minister of Finance claims that the said merchandise forms a portion of the common wealth of this country, and that inasmuch as every citizen is bound to contribute for the support of government according to his means, said property, so consigned, is liable

to taxation for the maintenance of government; and the parties to this submission further agree that the said firm of H. Hackfeld and Company are the agents for several sugar planters in this country, and at the time of the assessment aforesaid were in possession of considerable amounts of sugar, which had been shipped to foreign markets for sales and returns for account of producers thereof, and the said firm of H. Hackfeld and Company claim that sugars aforesaid are not liable to taxation to them as the agents of the said planters, nor to their principals, the planters aforesaid, because the same are without the jurisdiction of this country; whereas His Majesty's Minister claims that said property is a part of the common wealth of this country, and is liable to taxation in the hands of the said agents, or should be returned as a part of the property of the principals aforesaid, and taxes assessed upon it as against them. And further, the said H. Hackfeld and Company aver that the sum of three hundred and seventy-five thousand four hundred and eighty-five 21-100 dollars, by them returned to the assessor of taxes, as the amount upon which they ought to pay taxes, is the actual average of the amount of capital used by them in the transaction of their business in this country for each and every year, for several years past, and that they have not occasion to use any more capital for the transaction of said business, and His Majesty's Minister of Finance, upon his part, says that he does not wish to controvert this averment, but for the purpose of this submission admits it to be true.

And the parties to this submission, on their oath, aver that the controversy as hereinabove expressed is real, and that the proceedings are in good faith, to determine the rights of the parties; and further, that the taxes of the said H. Hackfeld and Company remain due and owing, and might be made the subject of a civil action in the Supreme Court and other courts of the kingdom, and that the submission is

made amicably, wherefore the undersigned pray that your honorable Court will determine the right in the premises and render judgment thereon, as by the law provided.

And further : His Majesty's Minister of Finance claims that each person in the kingdom should make his returns for the purpose of taxation of all the property in his possession, on the first day of July of each year ; and on the other hand, the aforesaid H. Hackfeld and Company claim that they should not make return of their property as of the first day of July aforesaid, but as of the day when the assessor has called upon them to make the return, or as of the first day of September of each year. And the parties to this submission pray your Honors' judgment upon this, as upon the other points hereinabove set forth.

All of which is respectfully submitted.

Honolulu, March 9th, 1871.