## BURWELL JOHNSON *v.* THE STATE.

1. GAMING.    *Former conviction.    State and town laws.*
   Conviction before the mayor of a town under an ordinance against gaming is not a bar to a subsequent indictment under the State law for the act for which he was convicted.

2. SAME.    *Jurisdiction.    Justice of the peace.*
   Jurisdiction to try a charge of gaming is conferred on justices of the peace by Code 1880, § 2216, and is not taken away by § 2858 of the same Code, which is a mere direction to the officers named.

APPEAL from the Circuit Court of Lee County.

Hon. J. A. GREEN, Judge.

Burwell Johnson was tried and convicted before the mayor of the incorporated town of Tupelo under an ordinance against gaming. He was afterwards indicted under the State law for the same offence, and pleaded the former conviction in bar. The court below held that the mayor as justice of the peace had no jurisdiction of the offence of gaming, and that conviction under the town ordinance was no bar.

*W. L. Clayton,* for the appellant.

1. No one can be twice tried for the same offence.   Const.

art. 1, § 5.    By act of July 20, 1870, under Const. art. 1, § 31, the Mayor's Court was established in Tupelo.    By State law the town was chartered (Acts 1870, pp. 395, 401), and authorized to enact ordinances.    Under State law the accused has been once therefore convicted and punished.

2. Plainly Code 1880, § 2858, does not deprive justices of the peace of jurisdiction in cases of gaming, given by another section of the Code, but it is merely directory to the officers whom it names.

*T. C. Catchings,* Attorney General, for the State.

If the former conviction was under the town ordinance, it was no bar to the indictment under the State law, and if by a justice of the peace, he had no jurisdiction.    Code 1880, § 2858.    He could only bind the party over to the Circuit Court.

CAMPBELL, C. J., delivered the opinion of the court.

The conviction of the appellant before the mayor for the violation of the ordinance of the town by the act for which he was indicted was not a bar to the indictment.

It is a mistaken view that a justice of the peace may not try a charge of gaming.    The jurisdiction is conferred by § 2216 of the Code of 1880, and is not taken away by § 2858 of the same Code.    The two must be construed so that both may stand, and the latter be held to be a general direction to the officers named to prosecute offenders against the laws against gaming, and in no way to interfere with the grant of jurisdiction by § 2216.    Sec. 2858 has been transferred from code to code since 1839, and is merely directory to the officers named imposing the duty to suppress gaming.    It was first enacted when Circuit Courts only could try offenders, and its language is appropriate to that state of things; but the express grant of jurisdiction to justices of the peace to try all misdemeanors is unimpaired by it.

*Judgment affirmed.*