## ISAAC SLOAN v. THE STATE.

1. **JUSTICE OF THE PEACE.** *Jurisdiction. Retailing liquor without license. Section 2216, Code 1880.*

   As retailing intoxicating liquor without license only subjects the offender to fine and imprisonment, a justice of the peace has jurisdiction of such offence, under Section 2216, Code of 1880, which confers on justices of the peace jurisdiction "of all cases of offences against the laws of this State occurring in their several districts, where the punishment prescribed does not extend beyond a fine, and imprisonment in the county jail."

2. **SAME.** *Unlawful retailing. Concurrent jurisdiction. Section 1112, Code 1880.*

   And the provision in Section 1112, Code of 1880, that one guilty of such offence "shall be liable to indictment, and, on conviction, shall be fined," * * * * "or be imprisoned," * * * * "or both," does not exclude the jurisdiction of the justice of the peace under Section 2216 of the Code.

APPEAL from the Circuit Court of Adams County.

HON. RALPH NORTH, Judge.

In January, 1888, Isaac Sloan was a duly elected and qualified justice of the peace for Adams County. On Jan. 24, 1888, he tried, convicted and fined in the sum of $25 one R. Demarco, on a charge of retailing vinous and spirituous liquors in less quantities than one gallon, without license, and, upon payment

of fine and costs, discharged Demarco without requiring him to give bond for his appearance to await the action of the grand jury. Sloan was then indicted for such action. A motion to quash the indictment was overruled, and he was convicted, fined and removed from his office of justice of the peace. From this judgment he appealed.

*Pintard & Martin,* for the appellant.

This case raises the question whether a justice of the peace can be indicted and punished for taking jurisdiction and fining in a case of misdemeanor in selling liquor without a license. The court below held that he could, and that in assuming jurisdiction in such cases he was guilty of a malfeasance in office.

The law of this case is contained in Sections 1112 and 2216 of the Code of 1880. Section 1112 amongst other things, makes the sale of liquor without a license a misdemeanor, and prescribes the penalty for a violation of its provisions. Section 2216 prescribes the limits of the criminal jurisdiction of magistrates, and language could not be made plainer. They shall have jurisdiction concurrent with the Circuit Court in all cases in their districts where the punishment does not extend beyond a fine and imprisonment in the county jail. In these liquor cases the punishment does not extend beyond fine and imprisonment, and the magistrates therefore have jurisdiction.

*T. M. Miller,* Attorney General, for the State, filed a brief, which was lost before the record reached the Reporter's hands.

CAMPBELL, J., delivered the opinion of the Court.

Sec. 2216 of the Code confers jurisdiction on justices of the peace " of all cases of offences against the laws of this State occurring in their several districts, where the punishment prescribed does not extend beyond a fine and imprisonment in the county jail;" and this embraces offences under § 1112.

The fact that this section provides that violators of it " shall be liable to indictment, and on conviction shall be fined," etc., does not exclude the cases under it from the list contemplated by § 2216. *Johnson* v. *State,* 59 Miss., 543.

The indictment should have been quashed.

*Reversed, indictment quashed and appellant discharged.*