RICHARDSON v. STATE.

Opinion delivered June 18, 1892.

*Criminal law—Former conviction in municipal court.*

> The act of March 30, 1891, section 1, authorizes cities and towns
> to prescribe the same penalties for violations of its ordinances
> as are prescribed for similar offenses against the State ; section
> 3, *ib.*, provides that a conviction before any police or mayor's
> court shall be a bar to further prosecution before any justice
> of the peace for such offense. *Held*, that a conviction in a
> mayor's court of a violation of a town ordinance will bar a
> prosecution for the same offense before a justice of the peace,
> although the town has not prescribed the same penalty for such
> violation as is prescribed for a similar offense against the State.

Appeal from Dallas Circuit Court.

CARROLL D. WOOD, Judge.

Richardson has appealed from a conviction of the
offense of gaming. The cause was tried before the cir-
cuit court, sitting as a jury, upon the following agreed
statement of facts, viz :

" It is agreed that the defendant, Jim Richardson,
did, in the town of Fordyce, Dallas county, Arkansas,
on the 16th day of May, 1891, play a game of hazard or
skill with dice, called ' craps,' and bet money thereon,
and that, on the 6th day of June, 1891, he went before
the mayor of the town of Fordyce and pleaded guilty to
said charge, and was fined five dollars and costs, and
the said fine and costs were paid ; that said plea before
the mayor was in all respects regular ; that, on the 26th
day of August, 1891, he was tried before J. C. Hillman,
a justice of the peace of Fordyce township, Dallas county,
Arkansas, for the same offense, and convicted and fined
ten dollars ; that said trial and conviction before the said
Hillman was in all respects regular and in accordance
with law, from which judgment the defendant appealed
to this court. It is agreed that the defendant pleaded

former conviction by the mayor when on trial before the justice of the peace. It is further agreed that the town of Fordyce had not prescribed the same penalty for gaming for the violation of the ordinance of said town, as is prescribed for similar offense against the State laws by the statutes of the State, as provided by the acts of the legislature of Arkansas for 1891, page 97, approved the 30th day of March, 1891."

The circuit court overruled defendant's plea of former conviction, and, upon his declining to answer further, judgment was rendered against him imposing a fine of ten dollars, the smallest fine allowed by sec. 1835 of Mansf. Dig.

*Thornton & Smead* for appellant.

It was not the intention of the legislature that the act should be inoperative until the city council should see proper to exercise the power conferred by sec. 1. Section 3 makes a conviction before the mayor a bar, whether the council has acted or not. For construction of acts, see 3 Ark. 285 ; 13 *id.* 58 ; Bacon, Ab. 1, 5, 10 ; 3 Ark. 513. The sections are independent of each other, and either of them can stand alone. It was intended to exempt a man from more than one trial for the same offense.

*W. E. Atkinson*, Attorney-General, for appellee.

1. The conviction before the mayor was had on the information of the offender himself and therefore was no bar. 32 Ark. 722.

2. The 3d section is dependent upon the first. The act should be construed as a whole.

COCKRILL, C. J. The first section of the act of March 30, 1891, confers upon municipal corporations the power to prescribe the same penalties for the violation of an ordinance as the statute prescribes as a punishment for the same offense against the state. Acts 1891, p. 97. Prior to that enactment a municipal corporation had no

power to impose a fine to exceed twenty-five dollars for violation of an ordinance. The statute therefore enlarged the power.

The third section of the act is as follows: "Whenever any party shall have been convicted before any police or mayor's court in any city or town in this State, or before any justice of the peace, said conviction shall be a bar to further prosecution before any mayor's or police court or justice of the peace for such offense, or for any misdemeanor embraced in the act committed."

It is argued that the latter section has effect only where the municipal ordinance imposes the same fine as the statute. It may be that the legislature presumed that the municipalities would hasten to make their ordinances to conform to the State law as to the penalties imposed, inasmuch as the second section of the act permits them to appropriate to their own use all fines raised from the violation of ordinances; but the legislature has not seen fit to make such action a condition precedent to to the operation of the third section. There is nothing in the act to indicate such intention. The third section has full force, whether the municipality avails itself of the enlarged power conferred by the first or not.

2. A conviction before the mayor's court and the infliction of the smaller fine, on the information of the offender or under other circumstances which show the intention merely to elude prosecution by the State, would be no bar to an indictment for the same offense. *Bradley* v. *State*, 32 Ark. 722. But the agreed statement of facts in this case precludes the inference that the fine was collusively imposed. We understand it to mean that the proceedings before the mayor were regular, which precludes the idea of a self-imposed fine or a collusive prosecution. There is nothing in the record of the proceedings of the mayor's court inconsistent with the agreed statement.

Reverse the judgment and remand the cause for a new trial.