The opinion of the court was delivered by
Breaux,.J.
The defendant was found guilty of assaulting and beating one Lilly Jane Clifford, and condemned to suffer imprisonment for the term of one year, or to pay a fine of $350.
From the sentence and judgment he appeals.
In the lower court he waived trial by jury and was tried by the judge.
His grounds of appeal are:
1. That the court a qua erred in overruling his plea of autre fois acquit.
2. That there was a total failure on the part of the State to prove the venue as laid in the indictment.
For the purpose of sustaining the plea of autrefois acquit the defendant proved that prior to the filing of the information against him he was prosecuted in the first recorder’s court for violating ordinance No. 3121 C. S. of the city of New Orleans by fighting and disturbing the peace.
That he was found not guilty and discharged.
That the assault and battery for which he was found guilty in the District Court is that of which he was found not guilty in the recorder’s. court.
Though the decisions are not uniform the clear weight of authority sustains the proposition that an act may be a penal offence under the laws of the State and may also be subject to a penalty by the municipal authority.
_ Certain trustworthy authorities hold that there is more safety to the community in two conservators of the peace than in one, and that the same act may be an offence both, against the State and the municipal corporation, and that both may be punished without any violation of constitutional principle.
Others.make a distinction between the judiciary power and the police power.
The same state of facts may constitute separate offences — one punishable under the grants of power to the municipal corporation, the other punishable under the laws of the State. It is a matter within the control of the Legislature and may be regulated under constitu *982 tional limitations, according to the exigencies of the various municipalities of the State.
In view of the necessity of maintaining peace and good order within the limits of the municipality, acts of incorporation are adopted granting needful powers.
The recorders have the right to arrest and punish offenders against the corporation.
The offence referred to above is deemed an offence against the right of the corporation, for which fine or imprisonment may be imposed, and in thus punishing, it is the particular offence against the corporation that is punished, and not the act of assault and battery denounced throughout the State.
The article of the Constitution ordaining that no person shall be twice put in jeopardy of life or liberty for the same offence was not intended to apply to trial under corporate proceedings for wrongs done and the violation of ordinances adopted with the view of maintaining peace and security under corporate authority, so as to operate a bar to a prosecution on the part of the State.
The purpose of the ordinance was not to punish for any offence' against the criminal justice of the country, but to maintain due regulation as an incident of the existence of the corporate organization.
In reference to the distinction between the judiciary power and the police power, it appears to be retained in certain respects, both in the Constitution and under the charter of the city.
The police power delegated to the corporation is distinguished from the regular judiciary power of the State.
The General Assembly may provide police courts with authority to enforce municipal ordinances, and the city of New Orleans has the right to appoint the several public officers necessary for the administration of the police of the city. Articles 136 and 253.
In legislating under the authority of these articles, the General Assembly delegated the power to the City Council and made it “their duty to pass such ordinances and to see to their faithfu* execution as may be necessary and proper to preserve the peace and good order of the city.” Sec. 7 of Act 20 of 1882.
But the control of the municipality is not exclusive.
The control of the State law upon the subject is not in any respect superseded.
*983 Not being inconsistent, each stands and is to be enforced.
This point received careful consideration in the case of State of Louisiana vs. M. Eourcade, recently decided, and was overruled.
We are confirmed in the correctness of the views expressed in that decision.
Proof of Venue.
The judge, by his recital of the facts in the second bill of exceptions, states that the venue was proven.
The defendant’s objections are that the evidence was not such as to prove the venne of the crime.
If we were not satisfied of the proof, and that the objection is unfounded, the defendant’s ground to set aside the action of the court a qua could not be sustained, for it is no longer an open question; this court will not review the evidence in the record to determine whether the venue of the crime was proven or not. State vs. Turner, 38 An. 307; State vs. Alex. Starks, 42 An. 316; State vs. Nettles, 41 An. 323.
The judgment is affirmed.