## The State vs. Harry J. Flint.

New Haven & Fairfield Cos., June T., 1893. Andrews, C. J., Carpenter, Torrance, Fenn and Baldwin, Js.

The common council of a city, under a statute authorizing it to make ordinances to suppress and punish all kinds of gambling, passed an ordinance imposing a penalty for keeping a place for the purpose of carrying on in it, or of allowing any other persons to carry on, the game of policy or for taking part in any such game. It is provided by Gen. Statutes, § 2559, that " every person who shall keep a place resorted to for the purpose of gaming or which is reputed to be a gaming house or place frequented for the purpose of gaming, or who shall engage in playing at any game for a valuable thing, or shall frequent such place for such purpose, shall be fined " etc. A complaint under the city ordinance charged the defendant with " keeping a place for the playing or carrying on in it of the game of policy." Held that the offense here charged was not covered by the statute.

The offense charged would be complete if a place was kept for the purpose of gaming, even if never resorted to. Under the statute it must have been, or have had the reputation of being, actually resorted to for the purpose.

A judgment upon a complaint for the offense charged would not have been a bar to a proceeding under the statute unless the acts charged in both proceedings were the same. If they were the same it would be.

Policy-playing is gaming under the statute.

[Argued June 6th,—decided July 6th, 1893.]

Complaint, originally preferred to the City Court of the city of Bridgeport by the prosecuting attorney charging the defendant with keeping " a place for the playing in and conducting and carrying on the game, business and scheme commonly known as policy, contrary to the ordinance of said city, against the peace and contrary to the form of the statute in such cases provided."

The defendant interposed a demurrer, which was overruled, and sentence was passed against him. An appeal was taken to the Criminal Court of Common Pleas, ( Walsh, J.,) where a similar demurrer was filed and overruled, and, no answer being put in, the defendant was found guilty, and a fine imposed. From this judgment the defendant appealed.

*S. Judson, Jr.*, for the appellant.

*J. Chamberlain* and *W. B. Grover*, for the State.

BALDWIN, J. By section 2573 of the General Statutes "the Court of Common Council of any city" has "power to make, alter and repeal ordinances or by-laws to suppress and punish all kinds of gambling and gaming, pool-selling, policy-playing, lottery-dealing, bucket-shop business, and the staking or deposit of money or collaterals for the same on margins or otherwise, against a rise or fall in the markets of the price of stocks, bonds or merchandise, and to prevent idlers and persons without apparent employment from enticing persons into places where gambling of any kind is carried on."

After this enactment the Court of Common Council of the city of Bridgeport made the following ordinance : —

"Every person, whether as principal, agent or servant, who shall manage, or have any interest in the keeping or managing of, any place or shop for the purpose in whole or in part of playing, conducting or carrying on, or of allowing any other person or persons to play, conduct or carry on, the game, business or scheme commonly known as policy; or who shall write, transfer, sell or deliver, or buy in whole or in part, any of the slips, tickets, tokens or chances used in or connected with such game, business or scheme of policy; or who shall in any other way knowingly take any part whatever in such game, business or scheme of policy, or in any part thereof—shall be fined not more than one hundred dollars."

It was assigned by the defendant, as a cause of demurrer to a complaint against him brought under this ordinance, that section 2573 does not create or define the offense alleged in the complaint, nor prescribe a penalty, nor make the acts charged a criminal offense, nor give power to courts of common council to make them such ; but that this section is a sufficient authority for the enactment of city ordinances to suppress and punish " policy playing ; " and that that phrase is one in such current use as to need no statutory definition

was determined in the case of *State* v. *Carpenter*, 60 Conn., 97, 102.

A further cause of demurrer was that the acts described in the ordinance constitute the crime of gaming or gambling, which is punishable by the general laws of the state, and that, as these provide a different penalty, the ordinance is inconsistent with the statute and therefore void.

. The general laws of the state on the subject of gaming provide (Gen. Statutes, § 2559) that " every person who shall keep a place resorted to for the purpose of gaming, or which is reputed to be a gaming house, or place frequented for the purposes of gaming, or who shall engage in playing at any game for any valuable thing, or who shall reside in or frequent such place for such purposes, shall be fined not more than one hundred dollars, or imprisoned not more than six months, or both."

That " playing policy " is a method of gambling may also be considered as settled by the case of *State* v. *Carpenter*, *(supra;)* but the particular acts complained of are not covered by section 2559. The defendant is charged with keeping " a place for playing in and conducting and carrying on the game, business and scheme commonly known as policy." This constitutes an offense under the ordinance, but not under the statute against gaming and gaming houses. That makes it unlawful to " keep a place resorted to for the purpose of gaming, or which is reputed to be a gaming house or place frequented for the purpose of gaming, " or to " reside in or frequent such place for such purpose," thus touching only places either in fact resorted to for gaming purposes, or having the reputation of being gaming houses or places of resort for gaming purposes. The complaint in question does not charge that the defendant kept a place of such a character. He could be convicted on proof that he kept a place for playing policy, although it had in fact never been resorted to for that purpose, and had not the reputation of being a place for playing policy, or a place resorted to for playing policy, and although he did not reside in it.

It is an appropriate mode of suppressing policy-playing to prohibit keeping such a place as the complaint, following the language of the ordinance, describes ; but, by keeping it, the statute, strictly construed, as all penal statutes must be, was not necessarily violated.

The defendant further urges that his conviction under this complaint may leave him subject to be again put in jeopardy, by a prosecution under the statute for keeping a place resorted to for policy-playing, or reputed to be such a place of resort. If the acts charged upon him in both proceedings were the same, the judgment in the first would be a bar to the second. *Southport* v. *Ogden*, 23 Conn., 128, 132. If they were different he could be rightfully punished for both offenses. *State* v. *Welch*, 36 Conn., 215, 217 ; Cooley on Constitutional Limitations, 6th ed., 239.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.