## WILLIAMS *v*. STATE.

Opinion delivered December 12, 1896.

CRIMINAL LAW — FORMER CONVICTION.—A conviction of a misdemeanor for violating an ordinance in a mayor's court of a town is nòt a bar to a prosecution in the circuit court on an indictment for the same offense, under Acts 1891, p. 97, § 3, providing that a conviction before any police or mayor's court or before any justice of the peace "shall be a bar to further prosecution before any mayor's or police court or justice of the peace for such offense, or for any misdemeanor embraced in the act committed."

Appeal from Clark Circuit Court.

RUFUS D. HEARN, Judge.

*T. N. Wilson* for appellant.

Since the passage of the act of March 30, 1891, a defendant, after having been convicted of a misdemeanor before a mayor's court, cannot be convicted again of the same offense on indictment in the circuit court. That is the *plain* intention of the legislature. 3 Ark. 284 and 285; Const. 1874, art. 7, sec. 40; Sand. & H. Dig., sec. 1932, subd. 5; 56 Ark. 367. In the absence of *collusion*, the conviction before a mayor is a bar to the indictment.

*E. B. Kinsworthy*, Attorney General, for appellee.

The act of 1891 (p. 97) makes a conviction before a mayor a bar to a further prosecution before a justice of the peace, but *not* to an *indictment*. 56 Ark. 367 simply decides that a conviction before a mayor is a bar to prosecution before a justice, although the city had not made the penalty for the offense the same as that prescribed by statute. Acts creating new or special jurisdictions, and acts delegating powers, are always strictly construed. Endlich, Int. Stat. secs. 351, 352 and 353.

HUGHES, J. In the disposition of this case we adopt substantially the statement and brief of the attorney general.

Appellant was arrested, tried, and convicted before the mayor of Arkadelphia, for carrying a pistol as a weapon, in the town of Arkadelphia, in Clark county, Arkansas, and fined five dollars and cost. After this trial, and within twelve months from the time that appellant committed the offense of carrying said pistol as a weapon, he was indicted by the grand jury of Clark county. Appellant pleaded the conviction before the mayor as a bar to further prosecution. He was tried by the judge, sitting as a jury, by agreement; was found guilty, and fined $50 and cost.

Appellant was tried upon the following agreed statement of facts: "That the defendant, E. K. Williams, did, in the city of Arkadelphia, Clark county, Arkansas, on the 30th day of November, 1895, wear and carry as a weapon one certain pistol, which was not such a pistol as is used in the army and navy of the United States; that on the 2d day of December, 1895, the defendant herein was arrested on a warrant regularly issued, charging him with carrying a pistol on the 30th day of November, 1895, by G. W. Carder, then mayor of the city of Arkadelphia, and brought before him for trial, and that the defendant was, by the mayor, tried and found guilty of said charge, and fined $5 and costs, which were by the defendant paid; that said trial and conviction before the mayor were in all respects regular; that the offense charged in this indictment was the same, and identical with that for which defendant was tried, convicted and fined by the mayor. It is further agreed that the city of Arkadelphia had not prescribed the same penalty for carrying weapons for the violation of the ordinance of said city as is prescribed by the statute of the state for the same offense

against the laws of the state." It was also agreed that the warrant issued by the mayor, and the mayor's judgment as written in his docket, and the ordinance of the town of Arkadelphia prohibiting the carrying of a pistol, be read in evidence.

The only question in this case is, can one, after being convicted for a misdemeanor before a mayor's court of a town in this state, be again convicted by the circuit court, on an indictment for the same offense? It is admitted by appellant that, prior to the act of March 30, 1891, a trial and conviction before a mayor's court was no bar to a prosecution before a justice of the peace, or before the circuit court for the same offense, but he contends that under this act a conviction before a mayor's court is a bar to a prosecution before the circuit court. This act is found on page 97 of the Acts of 1891. The section under which appellant claims protection reads as follows: "Sec. 3. Whenever any party shall have been convicted before any police or mayor's court in any city or town in this state, or before any justice of the peace, said conviction shall be a bar to further prosecution before any *mayor's* or *police court* or *justice of the peace* for such offense, or for any misdemeanor embraced in the act committed."

While this act makes a conviction before a mayor's court a bar to further prosecution before a justice of the peace, it does not make it a bar to an *indictment in the circuit court*. The act does not and did not intend to prevent a prosecution in the circuit court. In the case of *Richardson* v. *State*, 56 Ark. 367, this court simply decided that a conviction in a mayor's court is a bar to a prosecution before a justice of the peace, although the city had not made the penalty for the offense the same as that by statute, and this is all that it did decide.

Affirmed.