## EX PARTE FRANK FREELAND.

No. 1603.   Decided November 15, 1897.

38   321
38   587

**Affray—City Ordinance.**

An affray is a petty offense, and, notwithstanding it is a statutory offense, it can be legally made, by a city ordinance, a municipal offense; and where this has been done, a prosecution and conviction under the city ordinance for the municipal offense will bar a prosecution for the same offense in the State courts under the statute.

APPEAL from the County Court of De Witt.   Tried below before Hon. C. A. SUMNERS, County Judge.

Appeal from a judgment remanding relator to custody upon a habeas corpus proceeding.

[No briefs for relator.]

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted in the city court of Yoakum, and his punishment assessed at a fine of $1.   He sued out a writ of habeas corpus before the county judge, and was remanded by him; hence this appeal.

There are no bills of exception or assignments of error in the record, and appellant has filed no brief in this case, and we are not informed of any alleged error committed by the court.   The conviction was under an ordinance making it an affray for two or more persons to fight together in a public place in the city of Yoakum, and making such offense punishable by a fine not exceeding $100; that is, the ordinance occupies the same ground covered by article 333, Penal Code 1895, which is as follows: "If any two or more persons shall fight together in a public place, they shall be punished by a fine not exceeding $100."   The mayor's court of Yoakum did not take jurisdiction of a State offense, under said article 333, but they made an affray an offense against the city of Yoakum by ordinance.   We do not understand this case to come within the rule laid down in Leach v. State, 36 Texas Criminal Reports, 248.   In that case the city of Fort Worth undertook to take cognizance of a State offense under a State statute, claiming the right to do so under its charter.   In that case the jurisdiction was not claimed under a city ordinance making the State offense also a violation of the city ordinances.   An affray is a petty offense, and in our opinion a city is authorized, notwithstanding an affray is an offense by statute against the penal laws of the State, to make such offense an offense against the city, by ordinance, and a conviction for a violation of the city ordinance is a bar to a prosecution for the same offense when a prosecution is undertaken therefor in the State courts. See art. 931, Code Crim. Proc. 1895.

There being no errors in the record, the judgment is affirmed.

*Affirmed.*

HURT, PRESIDING JUDGE.—I agree to the result.