## SMITH v. STATE.

### Opinion delivered November 11, 1918.

CRIMINAL LAW—FORMER ACQUITTAL.—Former acquittal of a misdemeanor charge in a mayor's court will not bar a subsequent prosecution for the same offense in the circuit court.

Appeal from Ouachita Circuit Court; *C. W. Smith,* Judge; affirmed.

*J. W. Warren,* for appellant.

The court erred in not sustaining appellant's plea of former acquittal and in its instructions to the jury. He was exposed to conviction under his plea before the mayor for the same offense. 100 Ark. 595.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. Under the provisions of our statutes it is only a *conviction* that bars another trial and not an acquittal of a misdemeanor. 8 R. C. L., § 137; Kirby's Digest, §§ 2514, 1739; 15 Ark. 261; 28 *Id.* 113. The plea of former acquittal being wholly unsustained and improper, any error in the instructions were harmless.

2. The proof is abundant and unquestioned as to appellant's guilt.

HUMPHREYS, J. On the 18th day of April, 1917, the grand jury of Ouachita County returned an indictment

against appellant, charging him with the crime of gaming, by unlawfully betting money on a game of chance, played with cards, commonly called pitch.

Appellant interposed the defense of (1) not guilty, and (2) former acquittal.

The cause was submitted to the jury upon the indictment, the pleas of the appellant, the evidence adduced and instructions of the court. The jury found the defendant guilty, and assessed his punishment at a fine of $10, and a judgment was rendered in accordance with the verdict, from which an appeal has been properly prosecuted to this court.

The only insistence of appellant is that the court erred in not sustaining his plea of former acquittal as a bar to the prosecution on the indictment.

In support of the plea of former acquittal, appellant read in evidence the affidavit of A. W. Ellis, filed before the mayor of the city of Camden, Arkansas, on the 11th day of April, 1917, charging that appellant, with others, ''on the 9th day of April, 1917, and at divers times prior thereto, bet money on a game of hazard and skill called pitch;'' the warrant issued by the mayor of the city of Camden on the same day for the arrest of appellant and the other parties named in said affidavit; and the record of the mayor's court which is as follows:
''City of Camden,

    vs.

Henri Hirsch, Tom Ingram, Charlie Beard, Dick Hodges,
    C. N. Martin, J. A. Sales, P. A. Lawrence, Marvin
    Smith, W. R. Smith, Jr., and Chattie Gardenhire.

''On this day come Henri Hirsch, Tom Ingram, Charlie Beard, Dick Hodges, C. M. Martin, J. A. Sales, P. A. Lawrence, Marvin Smith, W. R. Smith, Jr., and Chattie Gardenhire, and announcing ready for trial, enter their plea of not guilty to the charge filed against them, whereupon this cause is submitted to the court upon the testimony of witnesses, and the court, after hearing the evidence, finds that the defendant, Charlie Beard, is guilty as charged in the affidavit of betting money on a

game of hazard and skill called pitch, and the court finds, from the evidence, each of the other defendants not guilty, and they are hereby released and discharged.

"It is, therefore, considered, ordered and adjudged by the court that the city of Camden, Ark., have and recover of and from the defendant, Charlie Beard, the sum of ten dollars as fine for said offense and the further sum of $4.50 as cost of this prosecution.

"Witness my hand as such mayor of the city of Camden, Ark., on this 11th day of April, 1917.

"Geo. R. Gordon, Mayor of Camden, Ark."

Unless otherwise provided by statute, convictions in a mayor's court for misdemeanors can not be pleaded as a bar to a prosecution for the same offense in other courts. 8 R. C. L., page 150, sec. 137. This doctrine was approved in the case of *Williams* v. *State,* 63 Ark. 307, where it was said by Mr. Justice Hughes, in rendering the opinion for the court, that "prior to the act of March 30, 1891, a trial and conviction before a mayor's court was no bar to a prosecution before a justice of the peace or before the circuit court for the same offense." The act referred to was Act 59, Acts 1891, at page 97. It was insisted by appellant Williams in that case that a conviction in the mayor's court for carrying a pistol as a weapon was a bar to a subsequent prosecution for the same offense in the circuit court. The act only provided that a conviction in a mayor's court for a misdemeanor should be a bar to a subsequent prosecution for the same offense before a justice of the peace. It did not provide that a conviction for a misdemeanor should bar a prosecution for the same offense in the circuit court. In other words, the court construed the statute literally. This act was subsequently amended so as to make a conviction in a mayor's court for a misdemeanor a bar to a subsequent prosecution for the same offense in a circuit court as well as before a justice of the peace, provided the penalty imposed was at least the minimum penalty prescribed by the State laws for the same offense or act. Kirby's Digest, section 2514. Neither the original nor

amended act provided that an *acquittal* in a mayor's court for a misdemeanor should operate as a bar to a subsequent prosecution for the same offense in either the circuit court or before a justice of the peace. Therefore, following the language of the statute, it is only convictions in the mayor's court, and not *acquittals,* that will. bar a subsequent prosecution for the same offense in circuit courts or before a justice of the peace, if the penalty imposed in the mayor's court is at least the minimum penalty prescribed by State laws for the same offense or act. This court, as above stated, is committed to a strict construction of the statute in question.

Under the undisputed facts in the case, the court should have excluded the plea of former acquittal as a bar to the prosecution on the indictment; so the submission of that question to the jury was favorable to appellant and did not in any wise prejudice his rights. The judgment is affirmed.