[No. 19546.    Department Two.    January 4, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE
TUCKER, *Appellant*.[1]

[1] CRIMINAL LAW (49, 54)—FORMER JEOPARDY—ACQUITTAL—IDENTITY
OF OFFENSES—VIOLATION OF ORDINANCE AND STATUTES. An acquittal in the municipal court, of the violation of a city ordinance
prohibiting the possession of intoxicating liquor, is not a bar
to a subsequent prosecution by the state for the unlawful possession of the same liquor in violation of the state law (PARKER,
J., dissenting).

[2] INTOXICATING LIQUORS (53)—SEARCHES AND SEIZURES—ADMISSIBILITY OF EVIDENCE. A motion to suppress as evidence intoxicating liquor found by officers without any search warrant, is
properly denied where the search was made upon accused's
invitation to the officers so to do.

Appeal from a judgment of the superior court for
Snohomish county, Bell, J., entered February 2, 1925,
upon a trial and conviction of the unlawful possession
of intoxicating liquor.    Affirmed.

*O. T. Webb* and *Louis A. Merrick*, for appellant.

*C. T. Roscoe, John C. Richards* and *Charles R. Denney*, for respondent.

MACKINTOSH, J.—The appellant was found guilty of
possessing intoxicating liquor and has appealed.

The most important point on this appeal is raised
by the appellant's plea of *autrefois acquit*.    This
prosecution was under a state statute, and it appears
from the record that previously the appellant had been
charged by a complaint in the police court of the city
of Everett with the possession of intoxicating liquor,
being the exact liquor which he, in the information, is
charged with having possessed, and both the complaint
and information relate to the same time and concededly

¹Reported in 242 Pac. 363; 246 Pac. 758.

cover the same incident. Upon the complaint charging violation of the ordinance, the appellant was tried and acquitted.

[1] The question is, can one be punished for violation of a statute of a state where, for the identical act, he has been prosecuted and acquitted under a city ordinance. This exact question has never been presented to this court before. We have held that, as an act may constitute a violation of both a Federal statute and a state law, a conviction or acquittal under a Federal law for the violation of its statute is no bar to subsequent prosecution by the state for the violation of its law; that the same act may constitute two offenses, one against each of the sovereigns to whose laws the defendant is amenable. *State v. Coss,* 12 Wash. 673, 42 Pac. 127; *State v. Kenney,* 83 Wash. 441, 145 Pac. 450; *State v. Turner,* 115 Wash. 170, 196 Pac. 638; *State v. Woods,* 116 Wash. 140, 198 Pac. 737; *State v. Gibbons,* 118 Wash. 171, 203 Pac. 390; *State v. Jewett,* 120 Wash. 36, 207 Pac. 3. We have also held that a municipality may provide, by ordinance, punishment for acts which are also punishable under the state law. *Seattle v. Chin Let,* 19 Wash. 38, 52 Pac. 324; *Seattle v. MacDonald,* 47 Wash. 298, 91 Pac. 952, 17 L. R. A. (N. S.) 49; *State v. Hagimori,* 57 Wash. 623, 107 Pac. 855; *State v. Larkin,* 130 Wash. 531, 228 Pac. 289. But in none of these cases has the situation presented itself which is here present. The nearest approach to it, in any decision of this court to which our attention has been called, is in the case of *State v. Cole,* 118 Wash. 511, 203 Pac. 942, where it appears that the defendant had been convicted under both a city ordinance and a state statute. But that case is not decisive of the matter; for, as was there stated, the prior conviction in the municipal court ''was not plead as a defense or bar

in the present case (prosecution under the statute), and besides, upon stipulation, it was tried with this case as a separate offense, and it was, indeed, a separate and distinct offense." But this last phrase was, as appears from the portion of the sentence preceding it, above quoted, unnecessary to the opinion, so that it may be positively stated that the question has never been squarely before us heretofore.

We are, therefore, to determine it upon principle or authorities, and an investigation of the books shows that the question has received consideration in many jurisdictions and that contrary answers have been made. Where the question has arisen as between prosecutions under Federal statutes and state statutes, the authorities seem universally agreed that a prosecution under one is not a bar to a prosecution under the other; and this, for the fundamental reason that there are two separate sovereignties involved and that one act may be at the same time an assault upon both sovereigns.

The argument of those courts which have held that the same rule does not obtain in prosecutions under a state law and a city ordinance finds its support in the view that all the right that a municipality has to define and punish crime arises from the delegation to it by its superior sovereign, the state, and that, in the prosecution of such crimes under this delegated authority, the municipality is acting as an agent of or for the state itself, and to allow double prosecution would be to allow the state, once directly and once through an agency, to prosecute for the same act. This view finds expression in *State v. Welch*, 36 Conn. 215; *State v. Flint*, 63 Conn. 248, 28 Atl. 28; *People v. Hanrahan*, 75 Mich. 611, 42 N. W. 1124, 4 L. R. A. 751; *United States v. Perez*, 3 Hawaii 295; *United States v. Colley*, 3 P. R. 58; and in *State v. Cowan*, 29 Mo. 330, where the court said:

"We do not see how any question can arise in this case as to the jurisdiction of the corporate authorities over this offense, if it is competent to the legislature to create municipal corporations and to confer on them the power by ordinance to regulate their police. Surely the right to exercise such a power can not be seriously questioned. If this corporation thus established by law takes cognizance of an act made an offense by its ordinances, and punishes it, the person thus punished can not be subjected to punishment again for the same act or offense. The constitution forbids that a person shall be twice punished for the same offense. To hold that a party can be prosecuted for an act under the state laws after he has been punished for the same act by the municipal corporation within whose limits the act was done, would be to overthrow the power of the general assembly to create corporations to aid in the management of the affairs of the state. For a power in the state to punish, after a punishment had been inflicted by the corporate authorities, could only find a support in the assumption that all the proceedings on the part of the corporation were null and void. The circumstance that the municipal authorities have not exclusive jurisdiction over the acts which constitute offenses within their limits does not affect the question. It is enough that their jurisdiction is not excluded. If it exists, although it may be concurrent, if it is exercised it is valid and binding, so long as it is a constitutional principle, that no man may be punished twice for the same offense."

The idea probably finds its best expression in the opinion of the supreme court of the United States in *Grafton v. United States,* 206 U. S. 333, 51 Law Ed. 1084, where the court was considering the question of whether a prosecution under a Federal statute could be had after the defendant had been prosecuted in a territorial court, the territory, of course, being different from a state and being only a subordinate of the federal government.

"If, therefore, a person be tried for an offense in a tribunal deriving its jurisdiction and authority from the United States and is acquitted or convicted, he cannot again be tried for the same offense in another tribunal deriving its jurisdiction and authority from the United States. . . . But we rest our decision of this question upon the broad ground that the same acts constituting a crime against the United States cannot, after the acquittal or conviction of the accused in a court of competent jurisdiction, be made the basis of a second trial of the accused for that crime in the same or in another court, civil or military, of the same government. . . .

"Every citizen of the United States is also a citizen of a state or territory. He may be said to owe allegiance to two sovereigns, and may be liable to punishment for an infraction of the laws of either. The same act may be an offense or transgression of the laws of both. . . . That either or both may (if they see fit) punish such an offender, cannot be doubted. Yet it cannot be truly averred that the offender has been twice punished for the same offense; but only that by one act he has committed two offenses, for each of which he is justly punishable. He could not plead the punishment by one in bar to a conviction by the other; . . ."

"It is clear that the cases above cited are not in point here. The Government of the United States and the governments of the several states in the exercise of their respective powers move on different lines. The Government of the United States has no power, except such as expressly or by necessary implication has been granted to it, while the several states may exert such powers as are not inconsistent with the Constitution of the United States nor with a republican form of government and which have not been surrendered by them to the General Government. An offense against the United States can only be punished under its authority and in the tribunals created by its laws; whereas, an offense against a state can be punished only by its authority and in its tribunals. The same act, as held in Moore's case, may constitute two offenses, one

against the United States and the other against a state. But these things cannot be predicated of the relations between the United States and the Philippines. The government of a state does not derive its powers from the United States, while the government of the Philippines owes its existence wholly to the United States, and its judicial tribunals exert all their powers by authority of the United States. The jurisdiction and authority of the United States over that territory and its inhabitants, for all legitimate purposes of government, is paramount. So that the cases holding that the same acts committed in a state of the Union may constitute an offense against the United States and also a distinct offense against the state, do not apply here, where the two tribunals that tried the accused exert all their powers under and by authority of the same government —that of the United States.''

In some of the states, by constitution or by statute, it has been expressly provided that a conviction or acquittal in a prosecution for an act in violation of a municipal ordinance, which act is also a crime under a state statute, shall be a bar to a subsequent prosecution. Such seems to be the holding in: *Dowling v. City of Troy,* 173 Ala. 468, 56 South. 118; *Richardson v. State,* 56 Ark. 367, 19 S. W. 1052; *Respass v. Commonwealth,* 107 Ky. 139, 53 S. W. 24; *White v. Commonwealth,* 122 Ky. 408, 92 S. W. 285; *Ex parte Freeland,* 38 Tex. cr. 321, 42 S. W. 295; *Davis v. State,* 37 Tex. cr. 359, 39 S. W. 937; *Morganstern v. Commonwealth,* 94 Va. 787, 26 S. E. 402; *Lucas v. Commonwealth,* 118 Ky. 818, 82 S. W. 440.

However sound may be the theory upon which is based the conclusion that prosecution under either the ordinance or the statute is a bar to a subsequent prosecution, the weight of authority seems to favor a contrary rule, and it is generally held that an act may be in violation of both the state law and municipal ordinance; that it constitutes separate offenses, and

the acquittal or conviction for the violation of one is not a bar to a subsequent prosecution for the violation of the other.

Cooley on Constitutional Limitations (6th ed.), p. 239, says:

"An act may be a penal offense under the laws of the state, and further penalties, under proper legislative authority, be imposed for its commission by municipal by-laws, and the enforcement of the one would not preclude the enforcement of the other."

And cites numerous authorities as sustaining that announcement.

In 8 R. C. L. 150, the rule is thus promulgated:

"It seems to be a well-settled rule that where both an ordinance and a state statute prohibit certain acts, a conviction of an offense under either does not bar a prosecution under the other. The courts proceed on the theory that while the same act may be the basis of each prosecution, yet the offenses are distinct and committed against two different laws."

And many authorities are cited in substantiation of this opinion.

In 16 C. J. 281, the text reads:

"Crimes are often punishable under municipal ordinances and also under the state law as offenses against the state. Where the same act constitutes two crimes, one violating a city ordinance and the other a state statute, it is generally held in the absence of statute that one charged therewith may be tried for both, and that a conviction or an acquittal of either is no bar to a conviction of the other. By statute in some jurisdictions the law is otherwise."

And substantiating authorities are cited from twenty-six states.

The note to the case of *Seattle v. MacDonald*, 47 Wash. 298, 91 Pac. 952, as it appears in 17 L. R. A.

(N. S.) 49, contains many citations of authority, and concludes that—

"The cases generally hold that a conviction under an ordinance or under the general law will not be a bar to prosecution under the other, on the ground that the same act might constitute two offenses,—one against the municipality and one against the state. This indirectly sustains the power to pass such ordinances, although the question is not always involved, as the accused presenting a former conviction in bar will always contend that such power was properly exercised, in order to make it available. The courts generally refuse to sustain the plea of former jeopardy, on the ground that there were two offenses arising from the same act. To that extent, these cases are authorities on the question of power of municipalities to impose penalties for acts made criminal by the general laws."

The note appearing in Ann. Cas. 1912C 37, states the general rule as follows:

"It seems to be a well-settled rule that where both an ordinance and a state statute prohibit certain acts, a conviction of an offense under either does not bar a prosecution under the other. The courts proceed on the theory that while the same act may be the basis of each prosecution, yet the offenses are distinct and committed against two different laws."

In all of the states holding to this doctrine, there is apparently the same constitutional provision as obtains with us, that no person shall "be twice put in jeopardy for the same offense." Art. I, § 9, Constitution.

This rule seemed to obtain in Alabama until the passage of a statute to the contrary. *Black v. State,* 144 Ala. 92, 40 South. 611.

In the following states the same rule has been adopted: *Van Buren v. Wells,* 53 Ark. 368, 14 S. W. 38, 22 Am. St. 214; *Ex parte Hong Shen,* 98 Cal. 681, 33 Pac. 799; *McInerney v. Denver,* 17 Colo. 302, 29 Pac. 516; *Bueno v. State,* 40 Fla. 160, 23 South. 862; *Sutton*

*v. Washington,* 4 Ga. App. 30, 60 S. E. 811; *State v. Preston,* 4 Idaho 215, 38 Pac. 694; *Robbins v. People,* 95 Ill. 175; *Levy v. State,* 6 Ind. 281; *Neola v. Reichart,* 131 Iowa 492, 109 N. W. 5; *State v. Clifford,* 45 La. Ann. 980, 13 South. 281; *Shafer v. Mumma,* 17 Md. 331, 70 Am. Dec. 656; *State v. Lee,* 29 Minn. 445, 13 N. W. 913; *Johnson v. State,* 59 Miss. 543; *People ex rel. Cunningham v. Bingham,* 134 App. Div. 602, 119 N. Y. Supp. 417; *State v. Lytle,* 138 N. C. 738, 51 S. E. 66; *Koch v. State,* 53 Ohio St.. 433, 41 N. E. 689; *In re Simmons,* 4 Okl. Cr. 662, 112 Pac. 951; *Mayhew v. Eugene,* 56 Ore. 102, 104 Pac. 727, Ann. Cas. 1912C 33; *State v. Sanders,* 68 S. C. 192, 47 S. E. 55; *Greenwood v. State,* 6 Baxt. (Tenn.) 567, 32 Am. Rep. 539; *Morganstern v. Commonwealth,* 94 Va. 787, 26 S. E. 402; *Ogden v. Madison,* 111 Wis. 413, 87 N. W. 568, 55 L. R. A. 506.

In view of these holdings, we are forced to the conclusion that the plea of the appellant can avail him nothing.

[2] The appellant also objects to the action of the superior court in denying his motion to suppress the evidence secured under a search warrant. The superior court properly held that the search warrant was invalid, but denied the appellant's motion to suppress the evidence, upon the ground that the appellant had invited the officers to make the search. To pass upon this alleged error, it is necessary to examine the affidavits which were presented and considered by the superior court, and after such an examination we are satisfied that the court committed no error in denying the motion to suppress. It appears satisfactorily from these affidavits that the search was conducted by the officers with the acquiescense and at the invitation of the appellant.

The other errors assigned relate to the refusal of the court to grant a motion for a directed verdict of

not guilty and one for a new trial. These assignments involve the questions already discussed by us, and there being sufficient testimony to go to a jury, the judgment based upon that jury's verdict is affirmed.

TOLMAN, C. J., MAIN, and MITCHELL, JJ., concur.

PARKER, J. (dissenting)—I dissent. To me the reasoning of the Missouri and United States supreme court cases quoted from by Judge Mackintosh is unanswerable.

## ON REHEARING.

[*En Banc.* June 15, 1926.]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court adhere to the Department opinion heretofore filed herein. The judgment is therefore affirmed.