[No. 20436.  Department One.  March 3, 1927.]

## THE STATE OF WASHINGTON, *Respondent*, v. LOLA TAYLOR, *Appellant*.[1]

[1] CRIMINAL LAW (458, 464)—PUNISHMENT — EXTENT—TERM OF IMPRISONMENT. It is not an abuse of discretion, upon a conviction of unlawful possession of narcotic drugs, after conviction and sentence under the Federal laws for the same act, to inflict double punishment by sentencing accused to a term in the state penitentiary, where the record shows the court was well within its rights in determining that an additional term was merited.

Appeal from a judgment of the superior court for King county, Frater, J., entered June 1, 1926, upon a trial and conviction of the unlawful possession of narcotic drugs. Affirmed.

*Henry W. Parrott,* for appellant.

*Ewing D. Colvin* and *Harry A. Rhodes,* for respondent.

MACKINTOSH, C. J.—The appellant was indicted in the United States district court on charges arising from the possession by her of narcotic drugs. She pleaded guilty to the charges and was sentenced to a term in jail. Thereafter an information was filed in this action, charging the appellant with the possession of the same narcotic drugs which were the subject-matter of the prosecution in the Federal court. To this action she pleaded not guilty, but upon a trial the jury found against her and the trial court sentenced her to a term in the state penitentiary; and she alleges this sentence to be erroneous for the reason that the state court should not have punished her for the same act for which she had already been punished in the Federal court.

[1]Reported in 253 Pac. 796.

[1] The appellant concedes that the question of double jeopardy is not involved and admits that the prosecution upon the Federal indictment was not a bar to a prosecution under the state statute based upon the same state of facts (*State v. Tucker*, 137 Wash. 162, 242 Pac. 363; 246 Pac. 758; and *Hebert v. Louisiana*, U. S. Adv. Ops. 1926-27, p. 111); but she does claim that she can not be subjected to a double infliction of punishment and cites in support of that claim several decisions to the effect that one should not be punished twice for the same offense; although none of these cases hold that the court has not the power to inflict the second punishment and merely go to the extent, as we view it, of indicating that the second court should take into consideration the punishment already received for the offense in the first court, and in passing its sentence either suspend it or determine its severity in view of what has already been accorded to the defendant. This we concede to be the proper rule and the rule which is applicable in pronouncing sentence in all criminal cases, that is, the judge takes into consideration all the circumstances connected with the offense and makes the punishment fit the crime as nearly as it is within his power to do so.

The mere fact that punishment has been already received in the first court does not entitle the defendant, as a matter of right, to suspension of the sentence and conviction in the second court. That is a matter within the discretion of the judge of the second court and he can suspend or not, as he thinks the circumstances warrant. An examination of the record in this case shows no abuse of discretion on the part of the trial court in refusing to suspend the appellant's sentence. The nature of the offense was such that the court was well within his discretionary right in determining that

an additional term of imprisonment was merited as a result of the appellant's misconduct.

There being no error, the judgment is affirmed.

Fullerton, Main, Mitchell, and French, JJ., concur.