CASE 31—INDICTMENT—FEBRUARY 19.

# Kemper v. Commonwealth.

APPEAL FROM DAVIESS CIRCUIT COURT.

PUNISHMENT BY CITY NO BAR TO PROSECUTION BY STATE.—Where, by the same act, one violates the police regulations of a city, and also the criminal laws of the State, the punishment of the offender by the city for the violation of its ordinances does not bar a prosecution by

the State for the violation of its criminal laws. And the fact that the city charter gives the city court exclusive jurisdiction of all offenses committed against the ordinances of the city, does not give that court jurisdiction of an offense against the laws of the State where the same act is a violation of both the city ordinances and the State laws.

W. T. ELLIS FOR APPELLANT.

(Brief not in record.)

P. W. HARDIN FOR APPELLEE.

The same act may constitute an offense against both the State and a municipal corporation, and be punishable by both. (Mayor, &c., of Mobile, v. Alaire. 14 Ala., 400; City of St. Louis v. Cofferata, 24 Mo., 84; Mayor, &c., of Mobile, v. Rouse, 8 Ala., 515; 13 Ala., 341; Mayor, &c., of New York, v. Haytt, 3 E. D. Smith, 156; People v. Stephens, 13 Wend., 341; Blatchley v. Moser, 15 Wend., 215; 16 Ind., 387; Amboy v. Sleeper, 31 Ill., 499; St. Louis v. Rentz, 11 Mo., 61; Shafer v. Mumma, 17 Md., 331.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant was indicted, tried and convicted in the Daviess circuit court for keeping and maintaining a bawdy-house in the city of Owensboro, Daviess county, Kentucky. Her fine was fixed by the jury at three hundred and fifty dollars. She pleaded in bar that she had been tried for the same offense and convicted of it in the city court of Owensboro, which court, under the city charter and by-laws, had jurisdiction to try the offense. The circuit court regarding appellant's plea in bar as insufficient, overruled it and rendered judgment against her for three hundred and fifty dollars—the amount fixed by the jury. She has appealed to this court.

By the charter of the city of Owensboro its mayor and common council are authorized to pass such ordinances as they may deem necessary and proper

for the purpose of suppressing disorderly houses, bawdy-houses, &c., within the city limits, and to prescribe the punishment for the violation of such ordinances. Pursuant to this power, the mayor and common council passed an ordinance providing that any person or persons who shall, within the city of Owensboro, establish or carry on, or permit to be carried on, upon his or her property, any house of ill-fame, shall, upon conviction for each and every offense, be fined not less than twenty-five dollars nor more than one hundred dollars. That each twenty-four hours same is carried on, or permitted to be carried on, shall constitute a separate offense under this ordinance. The city charter also provides that the city court shall have exclusive jurisdiction of all actions and prosecutions for violations of the ordinances and by-laws of the city.

The question is: Was the appellant's trial and conviction in the city court of Owensboro, for having kept a bawdy-house in the city, in violation of the city ordinance, a bar to a prosecution by the State for the same acts, which constituted an offense against the laws of the State?

The ordinances and by-laws of the city of Owensboro, which provide for the good order, peace and morals of the city, are mere police regulations, and form no part of the criminal jurisprudence of the State. The State exercises its judicial power in criminal cases arising under the general criminal jurisdiction of the State, and where its peace, good order and dignity are involved.

The power conferred upon the city of Owensboro

by its charter, as well as the purpose of the ordinance passed pursuant to the charter, was to provide a mere police regulation for the enforcement of good morals—the suppression of bawdy-houses—within the city limits. The city did not attempt to punish the appellant for any offense committed against the laws of the State. It had no power to inflict such punishment. The offense for which she was punished was committed against the good order and public morals of the city. The offense committed by appellant against the city and the State, although consisting of the same act, are quite distinguishable, and the prosecution for each offense proceeds upon different grounds; that of the city proceeds upon the sole ground of punishing for violating the city ordinance—the State having no jurisdiction to prosecute and punish for the violation of the ordinance. The prosecution by the State proceeds upon the sole ground of punishing for violating its criminal laws, which are applicable alike in the whole State, and violators of them must be punished by the same general principle; the city, by virtue of its police regulations, having no jurisdiction to prosecute and punish persons for violating the criminal laws of the State.

The case at bar aptly illustrates these principles. The punishment prescribed by the city ordinance, for keeping a bawdy-house within the city limits, is a fine of not less than twenty-five dollars and not more than one hundred dollars. The punishment for violating the State laws by keeping a bawdy-house, is by fine or imprisonment, or both, at

Kemper v. Commonwealth.

the discretion of the jury trying the case. So, if the principle contended for by appellant prevailed, she, although violating the laws of the State as well as the police regulations of the city, could only be fined for keeping a bawdy-house within the city limits, from twenty-five dollars to one hundred dollars, whilst her neighbor, for keeping a bawdy-house just beyond the city limits, could be fined and imprisoned at the discretion of the jury. Such a rule would be clearly wrong.

The truth is, that the appellant, by keeping a bawdy-house within the limits of the city of Owensboro, violated its police regulations, for which the city had the right to punish her, and did punish her. And by the same act she violated the criminal laws of the State. And each had the right to punish her without reference to the jurisdiction of the other; and the punishment inflicted upon appellant by the city government for violating its police regulation was no bar to the right of the State to punish her for violating the criminal laws of the State. (See Cooley's Constitutional Limitations, 5th edition, page 241; The Mayor, &c., v. Allaine, 14 Ala., 402; Shafer and Wife v. Mumma, 17 Maryland, 336.)

The provision in the city charter which gives the city court exclusive jurisdiction of all offenses committed against the ordinances and by-laws of the city, speaks for itself. It means that the jurisdiction of the city court, to try and punish all offenses against the police regulations of the city, shall not be invaded by any other jurisdiction. (See Levy v. The State, 6 Indiana, 284.)

The judgment of the lower court is affirmed.