CASE 28—PETITION ORDINARY—JANUARY 27.

# Fortner v. Duncan.

### APPEAL FROM OWEN CIRCUIT COURT.

1. VALIDITY OF TOWN ORDINANCE AGAINST LIQUOR SELLING.—A provision in the charter of a town authorizing the trustees of the town to pass ordinances "for preservation of good order, decorum and decency within its limits," and to prescribe penalties for the violation of said ordinances, will authorize an ordinance prescribing a penalty for the sale of whisky in the town, if the sale of whisky in the county of which the town is a part is forbidden by State laws.

2. PUNISHMENT BY BOTH CITY AND STATE FOR SAME OFFENSE.—The same act may constitute an offense both against the State law and the city ordinance, and the punishment of the offender by either the city or the State will not bar a prosecution by the other. (But see new Constitution, section 168.).

EVAN E. SETTLE FOR APPELLANT.

1. Municipal corporations possess only such powers as are expressly granted by statute, and such as may be implied as essential to carry into effect those which are expressly granted. (Ravenna v. Pa. Co. (Ohio), 10 Western Rep., 463; Brenham v. Brenham Water Co., 67 Texas, 542; State v. Hunter, 38 Kan., 578; Re Standiford, 8 Cent. Rep., 749; People of State of Michigan v. Armstrong, 2 Lawyers' Rep., Annotated, 721.)

2. The ordinance in question is in direct conflict with the prohibitory liquor law in force in the county of which the town of Owenton is a part, and is, therefore, void. (Acts 1883-4, vol. 2, p. 1442.)

3. Such ordinances as are unreasonable, oppressive and partial are utterly void.

4. The court judicially knows the existence of the Owen county law, and it was, therefore, not necessary to plead it. (1 Mar., 369; 8 B. M., 69.)

5. The local option law is supreme in its territory, and its penalties must govern, and an indictment for keeping a tippling-house in such a district is not tenable. (Young v. Commonwealth, 14 Bush, 165; Allen v. Commonwealth, 10 Ky. Law Rep., 280; Commonwealth v. Anderson, *Idem*, 307.)

6. Corporations are responsible for the wrongs committed or authorized by them under substantially the same rules which govern the responsibility of natural persons. (Cooley on Torts, 119.)

Fortner v. Duncan.

J. A. DUNCAN for appellee, Duncan.

1. No action can be maintained against a person acting judicially for acts within the limits of his jurisdiction, although his acts are illegal or erroneous, unless he acted from corrupt motives. (Cooley on Torts, 208-9 ; Gregory v. Brown, 4 Bibb, 29 ; Robinson v. Ramey, 8 B. M., 216 ; Ayers, &c., v. Cox, 10 Bush, 207.)

2. The injunction in this case was a nullity. (Story's Eq. Jur., sec. 875 ; Hilliard on Injunctions, p. 3, sec. 4 ; Moore v. Sheppard, 1 Met., 97.)

3. The writ of prohibition can not issue to prevent a court from deciding erroneously, or from enforcing an erroneous judgment. (Hilliard on Injunctions, p. 3, sec. 4 ; Arnold, &c., v. Shields, &c., 5 Dana, 21 ; Coe v. Standiford, 11 B. M., 197.)

4. It matters not that the penalty for a violation of this ordinance is less than that fixed by the State law for a similar offense in the county of Owen, nor that the amount of the penalty is so small as to preclude a trial by jury or the taking of an appeal. (Commonwealth v. Gilbert, 6 J. J. Mar., 184 ; Kemper v. Commonwealth, 85 Ky., 219 ; Commonwealth v. Parks, 11 Ky. Law Rep., 403 )

J. H. DORMAN for appellee.

1. The ordinance complained of is not inconsistent with the general law, and an acquittal or conviction under the one law is no bar to a conviction under the other. (Commonwealth v. Gilbert, 6 J. J. Mar., 184 ; Kemper v. Commonwealth, 85 Ky., 219 ; Commonwealth v. Parks, Superior Court, 11 Ky. Law Rep., 403.)

2. The ordinance is general in its character and application, and the court will not inquire into the motives of the members of the board in passing it. (1 Dillon on Mun. Corp., sec. 248 ; Shinkle v. City of Covington, 83 Ky., 426.)

3. Appellant's remedy, if he had any, was not by injunction. (1 High on Injunctions, 87.)

JUDGE BENNETT delivered the opinion of the court.

Section 3 of the charter of the town of Owenton provides : " Said board of trustees shall have power to make by-laws and ordinances for the government of said town ; for the preservation of good order, decency and decorum within its limits ; for the preservation of the peace, * * of its inhabitants, and to prescribe penalties for the violation of said by-laws and ordinances."

The ordinance of said town provides : Any person who shall, within the town of Owenton, sell any spirituous, vinous or malt liquors, or any mixture of either, shall be fined sixteen dollars.   The ordinance exempts licensed druggists who sell, etc.

The appellant was fined by the town authorities for violating this ordinance, and was put in jail on a *capias pro fine*. He thereafter sued the town, and its officials having to do with said proceeding, for false imprisonment, upon the ground that said ordinance was unconstitutional and void, and consequently the appellees were liable to an action for false imprisonment.

It was decided by this court in the case of the Commonwealth v. Gilbert, 6 J. J. M., 186, that permitting a slave to go at large in the town of Richmond, and hire himself out, subjected the owner to the fine that the Legislature had prescribed for suffering his slave to go at large in said town and hire himself out ; also to the penalty prescribed by the Legislature for the State at large for suffering slaves to go at large and hire themselves out.   This decision was based upon the ground that, as it was made a penal offense against the State to suffer a slave to go at large and hire himself out, and also an offense against the town of Richmond to suffer a slave to go at large therein and hire himself out, the owner of such slave committed two offenses—one against the penal laws of the State and one against the penal laws of said town—by one and the same act, and was amenable to each penalty.   In the case of Kemper v. Commonwealth, 85 Ky., 219, Owensboro's charter

authorized it to enact ordinances in reference to bawdy-houses in said city, which the city did, and the appellant was fined under said ordinance, which fine she pleaded as a bar to the Commonwealth's prosecution for the same offense; but the lower court, as well as this court, held that the fine by the city was no bar to the prosecution by the Commonwealth for the same act. This decision rested upon the ground that the act, although but one, constituted a distinct offense against each of the two political powers; hence, the appellant was liable to a fine by each for the same act.

In each case quoted the act was against the good order of the State, and in the Owensboro case the city was authorized to legislate upon a named vice at common law. In the Richmond case the Legislature legislated directly for the benefit of the town upon a declared vice by the Legislature.

It is said that the charter of the town of Owenton does not authorize the town to pass the ordinance in question, but it does authorize it to pass ordinances and prescribe penalties in the interest of "good order, decency and decorum." Is the ordinance prohibiting the sale of whisky in said town, and prescribing a penalty for such sale, within the purview of the section of the charter quoted? If whisky was a lawful trade in said town, then the general terms of said charter authorizing ordinances to be passed in the interest of good order and decency would not authorize the town of Owenton to suppress, by ordinance, said trade therein. But it is not lawful to sell whisky in said county, including said town. The sale of it

therein is prohibited upon the ground that it is opposed to good order, decency, &c., and there are penalties prescribed for the sale thereof. So we have such trade condemned by law as being against good order, decency, &c.; consequently, as said trade is opposed to good order and decency in said county, the town of Owenton, by its ordinance, passed pursuant to said charter, may prescribe an additional penalty for the sale of whisky therein. In such case there are two political powers offended by one and the same fact, and the penalty prescribed by each may be enforced without reference to the other.

Judgment affirmed.