·CASE  26—INDICTMENT—OCT.  20.


# Respass v. Commonwealth.

### APPEAL FROM KENTON CIRCUIT CJURT.

1. CRIMINAL LAW—FORMER CONVICTION—SECTION 168 OF THE CONSTI
TUTION.—Section 168 of the constitution prohibiting municipalities from imposing a penalty for violation of a city ordinance at less than that imposed by statute for the same offense
has no application to an offense whose punishment is fixed by
the common law.

2. CRIMINAL LAW—CONVICTION FOR VIOLATING MUNICIPAL ORDINANCE
AS A PLEA IN BAR.—A plea of a former conviction in the police
court of a city for the violation of a city ordinance does not
bar a prosecution by the State for a common law offense.

JOHN L. RICH FOR APPELLANT.

The court erred in holding that the appellant's plea in bar
was not good. Civil Code secs. 164, 168; Kemper v. Com., 85
Ky., 219; Higgins v. Prater, 91 Ky., 6; Con. Conventional Debates, vol. 2, pages 2923, 2924, 2925, 2932, 2934; Houston v.
Moore, 5 Wheaton, 29.

Counsel urged for reversal other reasons which are rendered
immaterial by the conclusions reached by the court.

W. S. TAYLOR AND D. A. GLENN, COMMONWEALTH'S ATTORNEY,
FOR APPELLEE.

1. Objections to the formation of the jury can not be made for the
first time in this court. Haggard v. Com., 79 Ky., 366; Terrel,
v. Com., 13 Bush, 246; Rutherford v. Com., 13 Bush, 608; Morgan
v. Com., 14 Bush, 106; Civil Code, secs. 197, 200.

2. Section 168 of the constitution is not applicable.. It was not
intended by that section to take from the State the power to
punish for common law offenses against which municipalities
might enact ordinances. Section 168 is not ambiguous and the
debates of the constitutional convention will not be resorted to to
elucidate it. Higgins v. Prater, 91 Ky., 6; see further, Kemper
v. Com., 85 Ky., 222; Sims v. City of Owensboro, 17 Ky. Law
Rep., 1393.

CHIEF JUSTICE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellant was indicted in the Kenton circuit court for the offense of maintaining and continuing a common and public nuisance. Upon his trial he was fined the sum of $1,000, and on this appeal complains: First. Of several alleged errors occurring at the trial, of which, however, he made no complaint at the time. These need not be considered. Second. That his plea of former conviction for the same offense was held insufficient. Appellant's first plea was that he had been convicted of the offense charged in the indictment by judgment in the Kenton Circuit court, rendered on the —— day of November, 1898; and why this was held insufficient on demurrer does not appear. The entry of the plea is in the form prescribed by the Criminal Code, section 164. The plea itself need not be in writing but may be made verbally, although entry of it must be made of record. Id., section 163.

However, appellant subsequently entered a plea in place of the former one, and by consent it was substituted for the plea theretofore filed.

This was to the effect that he had theretofore been convicted of the offense charged in the indictment by the judgment of the Police Court of the city of Covington, rendered on the —— day of July, 1898, and other days named, covering the period embraced in the indictment, and was so convicted under a certain named ordinance of the city.

The particular nuisance complained of in the indictment was the operation of a pool room, and it is to be taken as true that an ordinance of the city denounced this as an offense and a nuisance, and prescribed a penalty therefor. So the ques-

tion is whether the conviction of appellant in the police court for maintaining a nuisance in the city in violation of a city ordinance presents a bar to his subsequent conviction in the circuit court for the same acts constituting a nuisance at the common law.

Section 168 of the Constitution is relied on by appellant to sustain the affirmative of this question. That section is as follows:

"Section 168. No municipal ordinance shall fix a penalty for a violation thereof at less than that imposed by statute for the same offense. A conviction or acquittal under either shall constitute a bar to another prosecution for the same offense."

This section, however, does not seem applicable to the case at hand. No punishment has been imposed by "statute" for the maintenance of a nuisance. When a statute prescribes a punishment for an offense, confessedly the city ordinance can not prescribe a less penalty for the same offense; and, confessedly, a conviction or acquittal under either the statute or the ordinance constitutes a bar to another prosecution for the same offense.

That this section has reference only to statutory offenses, as its own terms imply, was held by this court in City of Owensboro v. Simms, 17 Ky. L. R., 1393, [34 S. W., 1085]. There it was held that the city council might, by ordinance, impose a penalty for keeping a bawdy house at less than that fixed at the common law, because no penalty had been fixed by statute; and the police court was held to have jurisdiction to try the offense denounced by the ordinance. But "whether, in the absence of a statutory penalty, a conviction or acquittal of one charged with a violation of the ordinance would be a bar to a subsequent indictment

and prosecution for the same offense at common law," was expressly reserved, and not decided. A reference to the section as it was first introduced in the constitutional convention shows that the words "general law" were originally in the section, but were afterwards supplanted by the word "statute;" and one of the delegates expressly referred to the case of nuisances, and the desirability of permitting cities to legislate with respect thereto. We think, therefore, the section relied on does not sustain the appellant's plea in bar.

It seems to us the principles announced in Kemper v. Commonwealth, 85 Ky., 219, [7 Am. St. R., 593; 3 S. W., 159], are conclusive of the question.

It was there held that when, by the same act, one violates the police regulations of a city and also the criminal laws of the State the punishment of the offender by the city for the violation of its ordinances does not bar a prosecution by the State for a violation of its criminal laws. The offense there under consideration was one under the common law, and, although there was a city ordinance prescribing a penalty therefor, and although the city charter gave the police court exclusive jurisdiction to enforce city ordinances, yet it was held there was no bar, and no exclusive jurisdiction in the city court; citing Cooley, Const. Lim. (5th Ed.), p. 241.. Mayor, etc., v. Allaire, 14 Ala., 402; Shafer and wife v. Mumma, 17 Md., 336, [79 Am. Dec., 656]. See also, Commonwealth v. Hunter, 19 Ky. L. R., 1109, [41 S. W., 284].

The judgment holding the plea insufficient is affirmed.