## STATE v. ROBERSON.

(Filed October 11, 1904).

1. LICENSES—*Indictment—Emigrant Agent—Acts 1903, ch. 247, sec. 74.*

Where a statute makes it a criminal offense to "engage in the business of procuring laborers," etc., it is sufficient to charge in the indictment that a person "engaged in procuring laborers," etc.

2. LICENSES—*Former Conviction.*

Where a statute levies an annual license tax and makes it indictable not to pay the same, a conviction thereunder is a bar to a further prosecution during the current year.

INDICTMENT against J. W. Roberson, heard by *Judge Frederick Moore* and a jury, at April Term, 1904, of the Superior Court of FRANKLIN County. From a judgment of guilty upon a special verdict, the defendant appealed.

*Robert D. Gilmer, Attorney-General, F. S. Spruill* and *W. H. Ruffin,* for the State.

*T. B. Womack, Day & Bell* and *Murray Allen,* for the defendant.

CONNOR, J. The defendant was in this case indicted for violating section 74, chap. 274, Acts 1903, in the same manner and form as in *State v. Roberson,* 136 N. C., 587, at this term, except that, here, the time is laid in March, 1904. He pleaded former conviction. The jury rendered the same special verdict, except in respect to the time. The Court held against the defendant upon his special plea and adjudged him guilty, and he appealed from the judgment rendered.

The only exception which we deem necessary to notice is that directed to the ruling of the Court below upon the special plea. We think it should have been sustained. The charge is that he engaged in procuring, etc., and this we have held is a sufficient charge of engaging in the business of procuring, etc. As we have said, it is not the single act of procuring laborers, but engaging in the business without a license, which is made a misdemeanor; hence, it would seem to follow that each separate act is not indictable, and that as the tax is annual, one conviction would bar any further prosecution during the current year. This view is sustained by the fact that the minimum punishment is fixed at a fine equal to the tax. This opinion has been adopted by the Supreme Court of Alabama in *Railroad v. Attahala,* 118 Ala., 362, and the reasons given for the conclusion are entirely satisfactory to us. *Coleman, J.,* says: "Statutes which prohibit the engaging in or carrying on business without license must not be confounded with those which declare single acts, such as the selling of vinous, spirituous or malt liquors without license, to be misdemeanors." In declining to sustain the special plea of former conviction there was

Error.