CASE 108—PROSECUTION AGAINST DESHA LUCAS FOR MAINTAINING A NUISANCE.—OCTOBER 20.

# Lucas v. Commonwealth.

APPEAL FROM BOURBON CIRCUIT COURT—JAMES E. CANTRILL, CIRCUIT JUDGE.

DEFENDANT CONVICTED AND APPEALS. REVERSED.

CRIMINAL LAW—FORMER CONVICTION—VIOLATION OF MUNICIPAL ORDINANCE—TRIAL BY JURY—PEREMPTORY INSTRUCTION TO CONVICT.

1. Const. sec. 168, providing that no municipal ordinance shall fix a penalty for a violation thereof at less than that imposed by statute for the same offense, and that a conviction under either shall constitute a bar to another prosecution for the same offense, applies only to statutory offenses, and therefore, a conviction under a municipal ordinance of maintaining a nuisance by operating a pool room is not a bar to a prosecution in the circuit court for the same acts, constituting a nuisance at common law, no penalty being prescribed therefor by statute.

2. Under Bill of Rights, sec. 7, providing that the ancient mode of trial by jury shall be held sacred, and the right thereof remain inviolate, and Cr. Code Prac., secs. 180, 182, 225, declaring that all issues of fact where the punishment will exceed a fine of $16 shall be tried by jury, that an issue of fact arises upon the plea of not guilty, of a former conviction or acquittal, and requiring the court to instruct the jury in writing on the law applicable to the case, the court has no right, in a prosecution for an offense punishable by a fine of $500, in which defendant pleads a former conviction, to instruct the jury to find the defendant guilty.

E. M. DICKSON AND BRENT & THOMAS, FOR APPELLANT.

1. Our contention is, that under the provision of the Constitution and statutes of this State, a conviction or acquittal under

Lucas v. Commonwealth.

any properly framed ordinance, enacted in good faith, is a bar to any other prosecution for the same offense by the State whether the penalty is a statutory or common law one.

2. We submit that nothing but a plea of guilty in open court will justify an instruction by the court to the jury to find the defendant guilty. However convincing and uncontradicted the evidence may be the jury must pass upon the credibility of the witnesses. Ency. Pl. & Pr., vol. 6, p. 689 (Ed., 1896); Triplett v. Commonwealth, 84 Ky., 193.

DENIS DUNDEN, N. B. HAYS, Attorney General and LORAINE MIX, for appellee.

1. We contend that the decision of this court in the Kemper case, which was rendered before the adoption of the present Constitution, having been reaffirmed in the Respass case rendered since the adoption of the present Constitution, is "conclusive of the question" as to the constitutionality of the question presented in this case. Kemper v. Com., 85 Ky., 220; Respass v. Com., 21 Rep., 799.

2. We submit that where the Commonwealth introduced proof showing that the pool room was operated and persons were habitually permitted to engage in betting on horse races in that place, and these facts were not denied, the court was warranted in giving the jury an instruction to find the defendant guilty; at least such instruction was not prejudicial to him.

Opinion of the court by JUDGE SETTLE—Reversing.

The appellant was jointly indicted with others in the Bourbon circuit court for the offense of maintaining a nuisance, committed by unlawfully causing and permitting persons to assemble on premises in their possession and control, and there engage in betting, winning, and losing money on horse racing, to the injury of the public morals. Appellant was given a separate trial, found guilty by verdict of the jury, and his punishment fixed at a fine of $500. He insists that his conviction was illegal, and that a new trial should have been granted. Upon the trial appellant filed in writing and relied on two grounds of defense; the first being a plea of not guilty, and the second former conviction. To

the second plea a demurrer was sustained by the court, and the trial then proceeded upon the issue made by the plea of not guilty.

The plea of former conviction set out with great particularity the following facts: That the city of Paris, which is a municipality of the fourth class, on June 16, 1902, through its mayor and board of council, and as authorized by section 3490, Ky. St., 1903, duly enacted the following ordinance: "Be it ordained by the mayor and board of council that any person who shall within the city of Paris, operate a pool room, shall be fined not less than $2.00, or more than $5.00 for each offense. Each day said pool room is operated shall be deemed a separate offense. By pool room is meant any place where persons are allowed to assemble for the purpose of betting on horse races." Which ordinance has been in force ever since the 26th day of June, 1902. That under this ordinance warrants were issued from the police court of the city of Paris charging appellant with operating a pool room in Paris 19 days in the month of January, 25 days in the month of February, and 11 days in the month of March; making 55 days altogether. That appellant was arrested upon each of these warrants and arraigned in the police court, and to each offense as charged in the warrants respectively he pleaded guilty, and thereupon, judgments were rendered against him imposing a fine of $5 in each case. That the acts constituting the offense charged in the indictment in this case as to appellant's suffering a nuisance are the same acts charged against him in the several warrants mentioned, and for which he was tried, convicted, and fined in the police court of the city of Paris; all of which fines he has fully paid. That the Paris police court had exclusive and final jurisdiction of the offenses contained in the warrants and of the person of

appellant, and that the judgments of conviction in the Paris police court upon the several warrants against the appellant constitute a bar to the prosecution under the indictment in this case.

It is contended by counsel for appellant that the trial court erred, first, in sustaining the demurrer to the plea in bar; second, in peremptorily instructing the jury to find the appellant guilty. The question raised by the first contention has been repeatedly decided by this court. First in the case of Kemper v. Commonwealth, 85 Ky., 219, 8 R., 763, 3 S. W., 159, 7 Am. St. Rep., 593, wherein it was held that where, by the same act, one violates the police regulations of a city and also the criminal laws of the State, the punishment of the offender by the city for the violation of its ordinances does not bar a prosecution by the State for the violation of its criminal laws, and the fact that the city charter gives the city court exclusive jurisdiction of all offenses committed against the ordinances of the city does not give that court jurisdiction of an offense committed against the laws of the State where the same act is a violation of both the city ordinance and the State law. It is argued, however, that the opinion in Kemper v. Commonwealth, *supra* has been overthrown by section 168 of the Constitution, since adopted, which provides: "No municipal ordinance shall fix a penalty for a violation thereof at less that that imposed by statute for the same offense. A conviction or acquittal under either shall constitute a bar to another prosecution for the same offense." We are unable to see that this section of the Constitution affects the question under consideration. The offense of which appellant was convicted in this case is one at the common law, and for that reason an offense against the State, and the punishment inflicted was not a statutory

punishment, but that prescribed by the common law. This question has been fully considered and decided by this court since the adoption of the present Constitution in a case in which the defense was identical with that made in the case at bar. We refer to the case of Respass v. Commonwealth, 107 Ky., 139, 21 R., 789, 53 S. W., 24, 92 Am. St. Rep., 360, in which it is said: "This section (168, Const.), however, does not seem applicable to the case at hand. No punishment has been imposed by 'statute' for the maintenance of a nuisance. When a statute prescribes a punishment for an offense, confessedly the city ordinance can not prescribe a less penalty for the same offense; and confessedly a conviction or acquittal under either the statute or the ordinance constitutes a bar to another prosecution for the same offense. That this section has reference only to statutory offenses, as its own terms imply, was held by this court in City of Owesboro v. Simms, 34 S. W., 1085, 17 Ky. Law Rep., 1393. There it was held that the city council might, by ordinance, impose a penalty for keeping a bawdy house at less than that fixed at the common law, because no penalty had been fixed by statute; and the police court was held to have jurisdiction to try the offense denounced by the ordinance. But whether, in the absence of a statutory penalty, a conviction or acquittal of one charged with a violation of the ordinance would be a bar to a subsequent indictment and prosecution for the same offense at common law was expressly reserved, and not decided. A reference to the section as it was first introduced in the constitutional convention shows that the words 'general law' were originally in the section, but were afterwards supplanted by the word 'statute,' and one of the delegates expressly referred to the case of nuisances, and the desirability of permitting cities to legislate with respect

thereto. We think, therefore, the defense relied on does not sustain the appellant's plea in bar. It seems to us the principles announced in Kemper v. Commonwealth, 85 Ky., 219, 8 R., 763, 3 S. W., 159, 7 Am. St. Rep., 593, are conclusive of the question." The opinion in city of Louisville v. Wehmhoff, etc., 116 Ky., 812, 76 S. W., 876, 25 Ky. Law Rep., 995, cited in the brief of counsel for appellant does not in any respect militate against the principle announced in Respass v. Commonwealth, *supra;* upon the contrary, it refers to and approves the conclusions therein reached. We are clearly of opinion that the lower court did not err in sustaining the demurrer to appellant's plea in bar.

In view of appellant's utter indifference to the many fines inflicted upon him by the Paris police court for his persistent violations of the ordinance under which he later sought shelter against the indictment in this case, and his apparent inclination to treat them as a license for his unlawful business, rather than as punishments, we would be inclined to overrule his second contention—that the court erred in peremptorily directing the jury to find him guilty—if the law would permit us to do so, but a careful consideration of the matter constrains us to sustain it. The instruction objected to is as follows: "The court instructs the jury that under the proof they should find the defendant, Desha Lucas, guilty as charged in the indictment, and fix his punishment at a fine in any amount in their discretion, or at confinement in the county jail for any period of time in their discretion, or both so fine and imprison in their discretion." The Constitution (section 7, Bill of Rights) provides: "The ancient mode of trial by jury shall be held sacred and the right thereof remain inviolate, subject to such modifications as may be authorized by this Constitution." Section 180, Cr. Code

Lucas v. Commonwealth.

Prac., declares that all issues of fact where the punishment will exceed·a fine of $16 shall be tried by a jury. Section 182 also declares that "an issue of fact arises upon a plea of not guilty or of former acquittal or conviction." Section 225 requires the court to instruct the jury in writing on the law applicable to the case, and section 238 defines "a reasonable doubt." These provisions of the Code are designed to preserve inviolate the right· of trial by jury as guarantied by the Bill of Rights. In addition it has been repeatedly held by this court that it is the duty of the court in the trial  of criminal and penal cases to instruct the jury upon all the law applicable to the case, whether requested to do so or not. In view of these salutary provisions of the Constitution and Criminal Code of Practice, we are unable to conceive of a case in which the trial court would be authorized to instruct the jury to find the accused guilty, except upon his confession of guilt by formal plea to that effect, made in open court, in the presence of the jury selected and sworn to try him. In this case, though a demurrer had been properly sustained to the appellant's plea in bar, his additional plea of not guilty was still before the court and jury, and, as we have already seen, it raised an issue of fact to be tried and determined by the jury.; and though the appellant introduced no proof, and that of the Commonwealth clearly established his guilt, the jury alone were authorized to declare him guilty, and they should have been allowed to perform their duty under proper instructions, and without coercion from the court. They were the sole judges of the credibility of the witnesses, and of the weight to be given their testimony.

In Ency. Pleading and Practice, volume 6, p. 689, it is said:: "In a criminal case a verdict of conviction may never be directed. It is for the jury in all such to pass

upon the credibility of the witnesses, even though the evidence be convincing and uncontradictory." Proffatt, Jury Trial, section 353. We think the court should have given the usual instructions in this case—that is, one predicated upon the facts alleged in the indictment, telling the jury in what state of case they would be authorized to find appellant guilty, and the punishment they might inflict in that event—and another as to the reasonable doubt.

For the error committed by the court in giving the peremptory instruction, the judgment is reversed, and cause remanded for a new trial, and for further proceedings consistent with the opinion.

Petition for rehearing by appellee overruled.