CASE 13.—PROSECUTION AGAINST MILLARD MERZ FOR PEDDLING GOODS WITHOUT A LICENSE IN VIO- LATION OF A CITY ORDINANCE.—March 14.

# Commonwealth, for Use of City of Flemingsburg, v. Merz

Appeal from Fleming Circuit Court.

JAMES P. HARBESON, Circuit Judge.

From a judgment dismissing the warrant the city appeals.  Reversed.

Municipal Corporations—Ordinance—Penalty—Constitutionality.— Const., section 168, providing that no municipal ordinance shall fix a penalty for a violation thereof at less than that imposed by statute for the same offense, has no application to an ordi- nance providing a penalty for peddling without a license; such offense not being classed with crimes and misdemeanors involving moral turpitude.

O. R. BRIGHT, attorney for appellant.

### AUTHORITIES CITED.

Taylor v. City of Owensboro, 98 Ky., 271; City of Owensboro v. Simms, 99 Ky., 49; Same v. Sparks, 99 Ky., 351; City of Carlisle· v. Heckinger & Co., 20 Ky. Law Rep., 74; Crosdale v. City of Cynthiana, 21 Ky. Law Rep., 36; Commonwealth v. Wright, 79 Ky., 36; Kerr v. Commonwealth, 27 Ky. Law Rep., 1234; Consti- tution, sec. 168; Ky. Statutes, sections 3637, 3642, 3639, 4201, 4218.

SALLEE & SLATTERY, attorneys for appellee.

Our contention is that when a person secures a license from the State to do business in a town, the town has no right to prevent him from doing that business. The statutes provide that he shall pay the license fee of $100 to do business in a town and the town attempting by copying the exact language of that state into an ordinance does not authorize the town to charge a second license. (Ky. Statutes, sections 4216, 4217, 4201 and section 108.)

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Appellee was arrested under a warrant issued by the police judge of the city of Flemingsburg charging him with the offense of peddling goods, wares, and merchandise at retail in that city without a license so to do, by taking up a temporary residence in the city under color of a bona fide merchant and selling to Mrs. Emma L. Summers, on the ———— day of January, 1906, such goods and merchandise. On the trial in the police court, appellee was convicted of the offense charged in the warrant, and his punishment fixed at a fine of $50. He thereupon took an appeal to the Fleming circuit court, and that court sustained the demurrer to and dismissed the warrant. Being dissatisfied with the ruling of the circuit court, the city of Flemingsburg prosecutes this appeal, which requires us to review the judgment complained of.

Flemingsburg is a city of the fifth class. Section 181 of the State Constitution confers upon the General Assembly power to delegate authority to municipal corporations to impose and provide for collection of taxes. Subsection 4, section 3637, Ky. Stats., 1903. empowers a city of the fifth class "to impose and collect license fees on stock used for breeding purposes, and on all franchises, trades, occupations and

professions.'' Pursuant to the powers thus conferred, the city council of Flemingsburg adopted the following ordinances:

"Sec. 106. All itinerant persons selling or offering to sell in the limits of the city of Flemingsburg any goods, wares, merchandise, clocks, jewelry, gold, silver, or plated ware, spectacles, nostrums, perfumes, patent medicine, or any other thing not hereafter exempt; or any person or persons who shall under color of bona fide merchants take up a temporary residence for the purpose of selling any goods, wares, or merchandise of any kind, either at auction, retail or by sample, other than to bona fide merchants; or any person or persons who shall sell, or offer to sell, any goods, wares or merchandise of any kind by opening up a stand upon the streets, or carry around for sale, or solicit orders for future delivery of any goods, wares or merchandise—shall be deemed peddlers.

"Sec. 107. No person shall be deemed a peddler under section 106, for selling agricultural implements, sewing machines, books, papers, pamphlets, portable mills, meats, stone ware or farm or garden produce of the vendor's own raising, nor persons selling only to merchants by sample.

"Sec. 108. The following schedule shall be the amount of license required from peddlers and persons plying the following trades or occupations:   *   *   * Peddlers of goods, wares or merchandise $5.00 per day, $60,00 per year.   *   *.   *

"Sec. 109. It shall be unlawful for any person or persons or corporation, to conduct, transact or solicit any business or pursue any trade or occupation mentioned in section 108, without first having obtained a license therefor and paid the tax thereon, and any person or persons or corporation violating this sec-

tion, or section 108, shall be guilty of a misdemeanor, and shall be fined upon conviction in any sum not less than $1.00 nor more than $100.00.''

The foregoing ordinances were made a part of the record and considered by the lower court in passing on the demurrer.

It was confessed by the demurrer that appellee was guilty, as charged in the warrant, of peddling—that is selling by retail, goods, wares, and merchandise in the city of Flemingsburg—without a license; the sale of such merchandise having been made to Miss Summers by appellee under color of a bona fide merchant, and while he was but a temporary resident of the city. It is also shown by the facts appearing in the record and conceded in argument that appellee, at the time of making the sale of merchandise in question, was a resident of Maysville, Ky., and the representative or agent of a mercantile firm or corporation of that city.

The demurrer to the warrant contained numerous grounds of attack upon the validity of the ordinance under which the prosecution was instituted, but we are advised by the briefs of counsel that the demurrer was sustained by the lower court upon the single ground that the ordinance conflicts with section 168 of the Constitution, and is therefore invalid, because the penalty it imposes for the act committed by appellee is less than the punishment fixed by section 4201, Ky. Stats., 1903, for the same or a similar offense. This being still the ground relied on by appellee for an affirmance of the judgment of the circuit court, it will be unnecessary to discuss the other grounds specified by the demurrer. Indeed, we may say in passing that they are not pertinent. Section 168 of the Constitution has been repeatedly construed by this court as applying only to statutory offenses; that is, offenses

for which there is no punishment except as provided
by statute. In a number of cases coming before this
court it was held that a conviction under a municipal
ordinance for operating a pool room is not a bar to a
prosecution in the circuit court for the same acts,
constituting a nuisance at common law; no penalty
being prescribed therefor by the statute. Lucas v.
Commonwealth, 118 Ky. 818, 26 Ky. Law Rep. 740,
82 S. W. 440; Respass v. Commonwealth, 107 Ky. 139,
21 Ky. Law Rep. 789, 53 S. W. 24; Louisville v. Wehm-
hoff, 116 Ky. 812, 76 S. W. 876, 79 S. W. 201, 25 Ky.
Law Rep. 995.

The offense for which appellee was arrested is not
one to be classed with crimes or misdemeanors that
involve moral turpitude. The statute of the State and
the ordinances of Flemingsburg defining the term
"peddler," requiring of him a license, and providing
a penalty for his failure to procure it, do not have for
their object the creation of a new crime or misde-
meanor to be given a place in the catalogue of offenses,
denounced as such by law, because hurtful to the
public morals or dangerous to the public safety or
peace. The enactment of such ordinances as those in
question is but a valid exercise of the police power
for local purposes. They relate to revenue and taxa-
tion. Their object is to tax the occupation or busi-
ness, and thereby raise revenue for governmental pur-
poses, and the penalties they impose are intended to
be more coercive than punitive in character, because
intended to enforce the collection of the tax on, or
license for, the specified occupation or business. The
framers of the Constitution knew that revenue must
be raised and taxes collected for municipal, as well as
county and State, purposes. Cities have the same
right that the State has to raise revenue by taxing

the occupation or business, and, while taxation must be as nearly uniform as practicable, the makers of the Constitution could not have intended by the adoption of section 168 of that instrument to require that, for a failure to pay an occupation tax or license on business to a municipal government, the delinquent should be made to pay the same penalty that may be exacted by the State government for a similar failure to pay a like tax or license to the State. The license required of the peddler by the State is much larger than that required of him by the city of Flemingsburg. As less is exacted of him by the city, why should not the penalty imposed by the latter for his failure to pay the license be correspondingly less than that imposed for such failure by the State?

But the question under consideration seems to have been conclusively settled by this court in the case of City of Carlisle v. Heckinger, 103 Ky. 381, 20 Ky. Law Rep. 74, 45 S. W. 358. The ordinance involved in that case, being practically identical with the one in the case at bar, was assailed upon the same ground. Carlisle is also a city of the fifth class. In that case it was held that, under the general authority given to cities of the fifth class by their charter (section 3637, subsection ———, Ky. Stats., 1903) "to impose and collect license fees * * * on all franchises, trades, occupations and professions," they are authorized to impose on and collect from peddlers, or itinerant retailers, a license tax. And, further, that the provision of section 168 of the Kentucky Constitution, that "no municipal ordinance shall fix a penalty for a violation thereof at less than that imposed by statute for the same offense," has no application to fines imposed by a municipality for the violation of a purely local ordinance. The court, in part, said: "Although authority

is not specifically conferred to impose and collect a
license fee or tax upon peddlers or itinerant retailers
of goods, wares, or merchandise, still if the trade or
occupation of such persons be exercised within the
limits of a municipal corporation for profit, and in
competition with resident taxpayers, we do not see
any reason why they should not, nor may not, in entire
harmony with the language used, be subject to the
payment of the license fee. Under the former Constitu-
tion, a vicious practice was permitted, or might be
and was frequently resorted to by violators of com-
mon-law offenses, or offenses forbidden by statutes,
general in character, of voluntarily surrendering and
consenting to imposition of a fine by a municipal
officer less in amount or degree than would have been
imposed by State courts. It was to remedy that evil
that section 168 was made a part of the Constitution,
not to interfere with or prevent a municipal legisla-
ture imposing fines at its discretion for violation of an
ordinance merely local in its operation. That imposi-
tion of such fine is not a bar to prosecution for ped-
dling without license, in violation of the General Stat-
utes of the State, shows it was not intended to be
within the purview of or prohibited by the Constitu-
tion.''

The principle announced in City of Carlisle v.
Heckinger & Co., supra, was reaffirmed in the case of
Crosdale v. City of Cynthiana, 21 Ky. Law Rep. 36,
50 S. W. 977. Neither of these cases is in conflict with
the later opinions of this court construing or applying
section 168 of the Constitution.

Judgment reversed, and cause remanded for further
proceedings consistent with the opinion.