### Gotee v. Graves.

(Decided March 19, 1913.)

## Appeal from Marion Circuit Court.

1. Judgment—Action to Enforce Satisfaction—Limitation—Plea Not Necessary.—A plea of the statute of limitations is not necessary in an action to enforce satisfaction of a judgment on a return of no property found, but to entitle plaintiff to recover he must allege and prove that the execution on which his action is based was issued before the judgment was barred by the statute of limitations.

2. Execution—Issuance of—Proof.—In the absence of record evidence, the issuance of an execution can only be shown by clear and convincing evidence.

3. Execution—Issuance of—Evidence—Sufficiency.—In an action involving the issuance of an execution, evidence examined and held insufficient to show that the execution issued.

BEN SPALDING for appellant.

H. W. RIVES for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Plaintiff, R. A. Gotee, brought this action against the defendant, Charles Graves, to enforce the satisfaction of two judgments against the defendant, one in favor of the plaintiff for $15.38 and $3.05 costs, rendered in the Lebanon police court, and one rendered in the Marion quarterly court in favor of W. E. Russell against the defendant in the sum of $48.30, with interest from the 2nd day of September, 1894, until paid. Plaintiff asked for an

attachment against the property of the defendant, and sought to subject a house and lot purchased by the defendant to the payment of the judgments. On final hearing the chancellor rendered judgment in favor of defendant, and plaintiff appeals.

It appears from the petition that the judgment in favor of plaintiff against the defendant was rendered in the police court of Lebanon on September 11, 1894. It is alleged in the petition that an execution was issued on said judgment on the........day of.............., 1900, and while in full force and effect was placed in the hands of the sheriff of Marion County, and that on the.....day of ............, 1900, the sheriff returned said execution, "No property found." It is further alleged in the petition that on August 21, 1911, another execution issued from the police court of Lebanon to the sheriff of Marion County, and that this execution was returned, "No property found." Thereafter a certified copy of the judgment and execution was filed by plaintiff in the office of the clerk of the Marion Circuit Court. Another execution was then issued on the judgment and returned, "No property found." The petition states that copies of said execution, with returns thereon, together with copies of the judgment and taxation of costs, are filed with the petition and made a part thereof.

In another paragraph plaintiff charges that in the Marion quarterly court, in the action of W. E. Russell v. Charles Graves, judgment was rendered against Charles Graves in the sum of $......... and costs. An execution was issued thereon, and while in full force and effect was placed in the hands of the sheriff of Marion County, Kentucky, which execution was returned by the sheriff, "No property found." Thereafter a certified copy of the judgment and execution was filed in the circuit court. On September 2, 1911, an execution issued from the office of the Marion Circuit Clerk, and while in full force and effect was placed in the hands of the sheriff of Marion County, who, on the 5th day of September, 1911, returned said execution, "No property found." The petition then alleges: "Plaintiff says he by transfer is the owner of said judgment, and is entitled to recover the amount of said debt, interest and costs from the defendant."

The petition then sets out the property purchased by the defendant, and asks that it be subjected to plaintiff's demands.

Filed with the petition are certain executions issued by the police court, but no execution issued during the year 1900.

On motion of defendant, that part of plaintiff's petition alleging that an execution issued from the Lebanon police court during the year 1900, which was returned, "No property found," was stricken from the petition. The court also struck from the petition all that paragraph with reference to the judgment in favor of W. E. Russell. Thereafter plaintiff filed an amended petition, wherein he alleged that execution issued on the judgment from the Lebanon police court on the......day of March, 1900, and that while said judgment was in full force and effect, said execution was placed in the hands of J. M. Cooper, then sheriff of Marion County, for due execution thereof, and that said sheriff returned such execution endorsed, "No property found to make said debt," to the office from whence it issued, viz., the Lebanon police court. The petition then makes more specific certain allegations contained in the original petition. By agreement of parties, the allegations of the amended petition were traversed of record. Proof was then taken on the question whether or not, as a matter of fact, an execution did issue from the police court during the month of March, 1900. The chancellor held the evidence upon this question insufficient to show that such an execution did issue. He then entered judgment in favor of defendant.

Plaintiff contends that notwithstanding the fact that the chancellor found that the evidence of the issuance of the execution in the year 1900 was insufficient, it was improper to enter judgment in favor of the defendant because the statute of limitations was not pleaded.

An action upon a judgment or decree of any court of this State or of the United States, or of any state or territory thereof, is barred after the lapse of fifteen years from the date of the last execution thereon. Kentucky Statutes, section 2514.

Section 401, Civil Code, provides that an execution may be issued upon a judgment at any time until the collection of it is barred by the statute of limitations, although no execution may have been previously issued within a year and a day.

The foregoing section of the statute and provision of the code must be read together, and when so considered they make it plain that the legislature did not intend to

confer authority to issue execution on a judgment that had been barred by the statute of limitations. This is an action to enforce the satisfaction of a judgment on a return of no property found. While ordinarily the statute of limitations must be pleaded, Mullins v. Mullins, 130 Ky., 643, Jolly v. Miller, 125 Ky., 100, yet to entitle one to recover in an action like this, it is necessary for him to show affirmatively that his action is based on a return of no property found, made on a valid execution; that is, an execution issued before the judgment was barred by the statute of limitations. The judgment in favor of plaintiff was rendered in 1894, and an execution then issued. The execution on which the suit is predicated was issued in 1911. In order to maintain this action, therefore, it was necessary for plaintiff to allege, as he did in his amended petition, that an execution issued in the year 1900, and to establish this fact by competent proof.

Plaintiff's attorney testifies that he went to the office of the police judge of Lebanon in the year 1900, and had an execution issued on the judgment in favor of plaintiff against defendant. His recollection of the matter is not very certain, but it is attempted to corroborate it by a memorandum book belonging to plaintiff to the following effect: "Execution issued from Lebanon police court Mar. 1, 1900, and delivered to sheriff & by him returned no property found. Charles Graves matter." Plaintiff knew nothing of this memorandum until his attention was called to it by his attorney. No record of the issuance of the execution is to be found in the police court. The judge then in office testified that no record book was kept, and while he had a faint remembrance of plaintiff and his attorney coming to the office, he could not recall the date. The execution itself was not produced. Nor did the sheriff to whom it was delivered testify. In the absence of any record evidence tending to show that an execution issued, the issuance of an exception can only be shown by clear and convincing evidence. We agree with the chancellor that the proof in this case fails to come up to the required standard. The evidence being insufficient to show that the execution did issue in the year 1900, it follows that the judgment on this phase of the case was proper.

The action of the trial court in striking out that part of the petition with reference to the judgment in favor of William E. Russell was proper. Plaintiff merely al-

leged that he was the owner of the judgment by transfer. This was a mere legal conclusion. It was necessary for him to allege facts showing that the transfer or assignment of the judgment was made by one having authority to make the assignment.

Judgment affirmed.