## City of Pineville v. Davis.

(Decided May 20, 1927.)

### Appeal from Bell Circuit Court.

1. Criminal Law.—City police court had jurisdiction of charge of selling Jamaica ginger without license in violation of city ordinance, under Ky. Stats., section 3513, giving it exclusive jurisdiction of offenses arising out of ordinances enacted by council.
2. Criminal Law.—Plea of former jeopardy was not available, in prosecution under municipal ordinance for selling Jamaica ginger without license, where ordinance made each day of violation separate offense and violation of Ky. Stats. Supp. 1926, section 2554a-26, not being offense under ordinance involved.
3. Intoxicating Liquors.—City ordinance, enacted pursuant to Ky. Stats., section 3490, subsec. 1, imposing fine for sale of Jamaica ginger without license, held not to describe identical offense with that of selling extracts for intoxicating beverage purposes under Ky. Stats., Supp. 1926, section 2554a-26, hence not invalid under Constitution, section 168, as fixing penalty less than that imposed by statute for same offense.

E. B. WILSON for appellant.

J. S. GOLDEN and E. F. BAKER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

In Pineville, a city of the fourth class, there is in force a privilege tax ordinance that imposes an annual tax of $300 "for selling, trading or trafficking in cider, Jamaica ginger, essence of Jamaica ginger, tincture or extracts of Jamaica ginger." The ordinance makes it unlawful for any person, firm, company, or corporation to exercise any of the privileges named within the limits of the city without having first procured a license so to do and paid the tax or transfer fee thereon as provided in the ordinance. It also makes every violation of the ordinance a misdemeanor punishable by fine, and provides that each day the business is conducted shall constitute a separate offense. Section 3 of the ordinance is as follows:

"The license issued under this ordinance shall not confer any authority to any person, firm, company or corporation to engage in the business named in the license on Sunday, or on any other day, or at

all, which is prohibited by the laws of the state of Kentucky.''

Section 2554a-26, Kentucky Statutes, Baldwin's 1926 Supplement, after providing that certain articles, such as medicinal preparations, patented proprietary medicines that are unfit for use for beverage purposes, flavoring extracts and syrups that are unfit for use for beverage and intoxicating beverage purposes, etc., are not subject to the provisions of the Prohibition Act, is in part as follows:

> "Any person who shall knowingly sell any of the articles mentioned in paragraphs a, b, c and d of this section for beverage purposes or any extract or syrup for intoxicating beverage purposes, or who shall sell any of the same under circumstances from which the seller might reasonably deduce the intention of the purchaser to use them for such purpose, or shall sell any beverage containing one-half of one per centum or more alcohol by volume in which any extract, syrup or other article is used as an ingredient, shall be subject to the penalties provided in this act.''

For a first violation of the act the punishment is fixed at a fine of not less than $100 nor more than $300, and imprisonment in the county jail for not less than 30 days nor more than 60 days. For a second offense the punishment is fixed at confinement in the penitentiary for not less than one year nor more than three years, and for a third and each subsequent conviction at not less than five nor more than ten years.

Section 168 of the Constitution is as follows:

> "No municipal ordinance shall fix a penalty for a violation thereof at less than that imposed by statute for the same offense. A conviction or acquittal under either shall constitute a bar to another prosecution for the same offense.''

On January 22, 1926, Lonnie Davis was arrested on a warrant issued by the judge of the Pineville police court charging her with selling Jamaica ginger within the city of Pineville without having procured a license so to do. When the case was called for trial she filed a special demurrer challenging the jurisdiction of the court and also filed a plea of former jeopardy. The special demur-

rer to the jurisdiction of the court was overruled, and a demurrer was sustained to the plea of former jeopardy. The court then found the accused guilty and imposed a fine of $15. On appeal to the circuit court the court held the ordinance invalid, on the ground that it imposed a less penalty than that provided by the statute for the same offense, and was therefore violative of section 168, supra, of the Constitution. Judgment was then rendered dismissing the accused, and the city of Pineville has appealed.

As the police court is given "exclusive jurisdiction of all offenses or causes arising out of ordinances enacted by the council for the enforcement of the powers granted them by law" (section 3513, Kentucky Statutes), it follows that the special demurrer was properly overruled.

The plea of former jeopardy is as follows:

"The defendant, Lonnie Davis, pleads that she has been tried and convicted of the offense charged in the warrant in this action, by judgment of the Pineville, Ky., police court, in the case of the Commonwealth of Kentucky, for the Use and Benefit of the City of Pineville, Ky., v. Lonnie Davis, rendered on the 23rd day of Jan. 1926; said judgment is of record in the Order Book No. — at page — of the records of the Pineville police court."

The facts showing the offense for which the accused was formerly convicted in the police court are not set forth. If the conviction was for a violation of section 2554a-26, supra, the accused was not convicted of a violation of the ordinance, and the plea of former jeopardy is not available in this prosecution. On the other hand, if the former prosecution was for a violation of the ordinance, it was not a bar to this prosecution, as the ordinance makes each day that the ordinance is violated a separate offense. That being true, the demurrer to the plea of former jeopardy was properly sustained.

The statute makes it unlawful knowingly to sell any extract or syrup for intoxicating beverage purposes or to sell any of the same under circumstances from which the seller might reasonably deduce the intention of the purchaser to use them for such purpose or to sell any beverages containing one-half of 1 per centum or more of alcohol by volume in which any extract or syrup or other article is used as an ingredient. The ordinance

simply imposes a license fee for selling Jamaica ginger and makes it unlawful to sell that article in the city without first obtaining a license. It does not purport to deal with the situation referred to in the statute. It does not make the sale of Jamaica ginger unlawful, nor does it attempt to authorize its sale, under the conditions prescribed in the statute. It was enacted pursuant to the power "to impose and collect license fees and taxes on stock used for breeding purposes, and on all franchises, trades, occupations and professions." Kentucky Statutes, section 3490, subsec. 1. A violation of the ordinance cannot be classed with ordinary crimes or misdemeanors. It relates to revenue and taxation. Its object is to tax the occupation or business for the purpose of raising revenue for governmental purposes, and, as the penalties are imposed for the purpose of enforcing the collection of the license fees, they are intended to be coercive rather than punitive in character. It follows that a violation of the ordinance is not the same offense denounced by the statute within the meaning of section 168 of the Constitution, and that the trial court erred in so holding. Commonwealth etc., v. Merz, 125 Ky. 97, 100 S. W. 333, 30 Ky. Law Rep. 1170.

Whether the ordinance is prohibitory or discriminatory, or invalid for any other reason, we express no opinion, as its validity is not challenged on any other ground, and the facts are not fully developed.

For the reasons given, the judgment is reversed, and cause remanded for a new trial consistent with this opinion.