Francis X. Conlon, J.
Upon the foregoing papers and the hearing and proceedings, this writ is sustained and the prisoner is discharged.
This matter was tried before Hon. Edward Chapman in the Magistrates’ Court, County of New York, 52 Chambers Street, New York City. The prisoner pleaded guilty on October 10, 1961, and on that date the court meted out the sentence. Prior to its imposition, colloquy ensued between one Joseph Mintz of the Department of Licenses of the City of New York and the court. Mr. Mintz informed the court that the prisoner had four previous convictions and that on September 26,1961 the prisoner was convicted of the same offense, for which the then-presiding Judge had fined the prisoner $250, plus 30 days in jail, the latter part of the sentence’s execution being suspended. The prisoner also received another admonition that if he received another ticket he would receive a jail sentence.
Upon counsel’s insistence that the prisoner did not have four previous convictions, Mr. Mintz stated that the store had four previous convictions for which the prisoner was responsible.
Nevertheless, in pronouncing sentence, Judge Chapman stated that the prisoner had continued to commit the present offense after having been previously convicted and warned by the court not to do so.
Despite counsel’s argument that the present offense occurred prior to the previous judgment of conviction and sentence and that the prisoner had not violated the mandate of the court, the prisoner was sentenced to 5 days in the City Prison, plus a fine of $250 or 60 days.
In the supporting affidavit of counsel for the prisoner, he points out that Mr. Mintz had indicated to him his intention to request a heavy fine and not a jail sentence. He also stated that, together with Mr, Mintz, he discussed the sentence with Corporation Counsel, Mr. Skulnick, and that Mr. Mintz again indicated that he was not in favor of a jail sentence. Subsequently, Mr. Skulnick indicated to counsel that he tried to set the record straight with Judge Chapman in chambers, with no success.
It must be noted, also, that Judge Chapman requested Mr. Mintz’ recommendation as to sentence. *308 The conviction and sentencing in the Magistrates’ Court, by Judge Chapman, on October 10, 1961, for the same alleged offense for which the prisoner had been convicted and sentenced on September 26, 1961, constitutes double jeopardy (People ex rel. Sedotto v. Jackson, 307 N. Y. 291). The recommendation by Mr. Mintz to the court, as to sentence, was based on incorrect information. The store, not the prisoner, had four previous convictions. It must also be noted that counsel for the prisoner was not given an opportunity to be heard in behalf of the prisoner.
The charge, here, against the prisoner is one included in the category of continuing offenses. Corpus Juris Secundum (Vol. 22, pp. 734-735) deals with the issue of punishment for continuing offenses: “Engaging in business without license. A conviction for engaging in a business without paying the annual license tax has been held to be a bar to further prosecution during the current year (N. C.— State v. Roberson, 48 S. E. 596, 136 N. C. 591) unless it is provided that each day that the business is conducted constitutes a separate offense. (Ky.— City of Pineville v. Davis, 294 S. W. 766, 220 Ky. 95.) ”
In Matter of Abramowitz v. Byrne (185 Misc. 346) the court held that each day the violations continue constitutes the basis for a separate prosecution. There is no proof in the record that the violations continued for any specific days or number of days to warrant separate prosecutions. The writ is sustained and the prisoner is discharged.